THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* EDWARD F. McDONOUGH, Respondent.

Third Department, June 14, 1972.

*Con G. Cholakis, District Attorney (Pierce H. Russell* of counsel), for appellant.

*Thomas M. Monahan, Jr. (William R. Murray* of counsel), for respondent.

REYNOLDS, J.   This is an appeal from an order of the County Court, Rensselaer County, granting respondent's motion to dismiss an indictment charging him with violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law.

On June 1, 1971 respondent was indicted in a two-count indictment, the first count charging him with the crime of operating a motor vehicle while in an intoxicated condition in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law and the second count charging him with operating a motor vehicle under the influence of alcohol in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law.   The County Court granted respondent's demurrer and dismissed the indictment on the grounds that the counts were mutually repugnant and that an election had to be made between them at the time the Grand Jury handed down its indictment.   Moreover, the County Court felt that the evidence presented at a trial on the two counts, as joined, would conceivably be "irreparably prejudicial" to the respondent.

Former section 278 of the Code of Criminal Procedure provides that an indictment may charge only one crime in one form except as provided in section 279.   Section 279 provides in part that there may be a joinder in a single indictment of several charges constituting different crimes if they arose from the same act.   The question is thus whether operating a motor vehicle while under the influence of alcohol in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law and operating a motor vehicle while in an intoxicated condition in violation of subdivision 3 of section 1192 are separate charges for the same act constituting different crimes, which allows them to be joined under section 279.   In our opinion they are, and the demurrer accordingly should not have been granted. It is abundantly evident from a reading of the legislative history (Governor's Program Bill, 1970, Program Bill No. 109,

Senate Intro. No. 5110, Governor's Approval Memorandum, dated April 29, 1970; N. Y. Legis. Annual, 1970, p. 482) that violations of subdivisions 2 and 3 of section 1192 were intended to be separate crimes. And, of course, it is not improper for the Legislature to make operating a motor vehicle with over .15% or more of alcohol by weight in the blood, breath, urine or saliva a separate crime. Nor is section 1196 of the Vehicle and Traffic Law applicable to the form of the indictment since that section bears solely on what the accused may be convicted of.

As to the County Court's feeling of irreparable prejudice through such a joinder, no evidence would be presented in a trial on one count that would not be proper for a trial on either count particularly in view of section 1196. Chemical test evidence would be proper under either count and its introduction would thus not be prejudicial. The statement in different and even inconsistent counts of the accomplishment of the crime charged in various ways where there was doubt or uncertainty as to what the facts and circumstances will show has long been recognized as proper (see *People* v. *Daghita,* 301 N. Y. 223, mot. for rearg. den. 301 N. Y. 744; *People ex rel. Prince* v. *Brophy,* 273 N. Y. 90, 98, mot. for rearg. den. 278 N. Y. 704; *People ex rel. Green* v. *La Vallee,* 15 A D 2d 614, mot. for lv. to app. den. 11 N Y 2d 644).

Accordingly, the order should be reversed and the indictment reinstated.

STALEY, JR., J. P., SWEENEY, SIMONS and KANE, JJ., concur.

Order reversed, on the law and the facts, and indictment reinstated.