Abnold P. Etblson", J.
Defendant was charged on February 7,1972 with driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law and pursuant to his demand for a deposition, two long-form informations were filed on March 4, 1972 charging him with a violation of subdivisions 2 and 3, respectively, of that section. Defendant thereafter moved to dismiss the information for insufficiency, whereupon, on July 6, 1972, the complainant police officer, upon the direction of the Assistant District Attorney, filed a superseding information pursuant to CPL 100.45 charging two counts corresponding to the two subdivisions. The motion also requested that the two charges be consolidated under defendant’s theory that a conviction could not be had for both counts or charges.
The court is of the opinion that the informations are legally sufficient and so indicated orally before the trial of this action. Prior to the jury trial, defendant renewed his motion as to the consolidation which had not yet been determined by the court. The People have opposed such consolidation and at the trial, sought convictions on both counts. The court granted the People’s request to charge that the defendant could be found guilty of either or both counts. The jury returned a verdict finding defendant guilty of the subdivision 2 count for driving with in excess of 0.12% alcohol in his blood. The jury could not reach a verdict on the other count and the court, at the conclusion of the trial, granted the People’s motion to dismiss the count charging subdivision 3.
While it is clear that under the sentencing structure of section 70.25 of the Penal Law that a defendant cannot be given consecutive sentences on convictions based on the same unlawful acts, such provision does not preclude separate convictions. The Appellate Division, Third Department, in People v. McDonough *728 (39 A D 2d 188) decided in a similar motion directed at an indictment on both counts that the separate subdivisions constituted separate crimes. Furthermore, section 1196 of the Vehicle and Traffic Law may not be read so as to force an election by the People as to which subdivision to prosecute. Bather, the proof or lack thereof may be sufficient to convict under a different subdivision than charged.
The motion is denied. Defendant is directed to appear for sentencing on September 20, 1973. This decision is deemed to be an order of this court.