Fuchsberg, J. (concurring).
This case involves the interrelation of the various subdivisions of section 1192 and section 1196 of the Vehicle and Traffic Law as they bear upon due process requirements for reasonable notice of charges in prosecutions against drivers who may be affected by alcohol.
On May 13, 1973, a State Trooper observed defendant’s automobile cruising in an erratic manner. He stopped the car and asked the defendant to get out. As he later testified, defendant’s behavior exhibited signs of intoxication, including in-co-ordination, and impairment of speech and locomotion. Defendant was taken into custody and, with his consent, a Breathalyzer[1] test was administered. It revealed that he had .21 of 1%, by weight of alcohol in his blood.
Defendant’s conduct thus came within the purview of each of the first three subdivisions of section 1192 of the Vehicle and Traffic Law. These subdivisions provide, in pertinent part:
"1. No person shall operate a motor vehicle while his ability to operate such motor vehicle is impaired by the consumption of alcohol.
"2. No person shall operate a motor vehicle while he has .10 of one per centum or more by weight of alcohol in his blood as shown by chemical analysis * * *
"3. No person shall operate a motor vehicle while he is in an intoxicated condition.”
The accusatory instrument here, a simplified traffic information (CPL 1.20, subd 5), only alleged a violation of subdivision 3 of section 1192. At trial, however, the prosecutor indicated, during the voir dire, and later during his opening to the jury, that he intended to seek a conviction under either subdivision 2 or 3. No surprise was claimed by the defendant, nor was an adjournment requested. The trial went forward.
At the close of the case, the Town Justice before whom the *392 case was tried charged the jury that it could bring in a verdict of guilty under any one of the three subdivisions of section 1192. Defendant’s counsel’s objection, premised on the fact that the accusatory instrument did not refer to subdivisions 1 or 2 was overruled. The jury convicted the defendant of a violation of subdivision 2.
On appeal, the County Court reversed, finding the defendant had been denied his right, under the due process clauses of our Federal and State Constitutions,[2] to be informed of the nature of the accusations confronting him. We have come to a contrary conclusion.
On this appeal, the People rely in part on the following language of section 1196 of the Vehicle Traffic Law: "A driver may be convicted of a violation of subdivision one, two or three of section eleven hundred ninety-two, notwithstanding that the charge laid before the court alleged a violation of subdivision two or three of section eleven hundred ninety-two”.
The present sections 1192 and 1196 were adopted at the same time. They were part of a comprehensive legislative program to reduce "highway injuries and death”. (Memorandum of Senator Caemmerer, NY Legis. Ann., 1970, pp 364-365.) While such legislative intent is laudable, it may not impair the due process requirement for providing a defendant with notice of an offense charged (In re Oliver, 333 US 257).
Section 1196 results in no such impairment. It merely provides for the automatic incorporation of charges of violation of all three subdivisions of section 1192 whenever a violation of either subdivision 2 or 3 is alleged. Actual notice of each charge he faces must be given to an accused. For such notice to be given in this case through the use of section 1196, it would be required that the existence of that section be brought to his attention. Section 1196 nowhere suggests that its mere existence on the statute books accomplishes that. And, therefore, no question as to its constitutionality arises here. Our concern, rather, must be with the basic constitutional issue of notice itself, whether by bringing section 1196 to the accused’s attention or otherwise.
Section 1196 can, of course, serve as a vehicle for such notice, but, in that event, it must be brought to the defendant’s attention by inclusion, at least by its statutory designa *393 tion, in the traffic information or "uniform traffic ticket”.[3] The information here did not do that and, therefore, neither it nor section 1196 served as a predicate for notice that the defendant here was subject to conviction under any subdivision other than subdivision 3, the only one it separately mentioned.
Nor is it now contended that subdivision 3 of section 1192 is a lesser included offense of subdivision 2 and that, therefore, the giving of notice of subdivision 3 automatically advised the defendant that he was subject to conviction under subdivision 2 (see People v McDonough, 39 AD2d 188). Obviously, it is possible for a defendant to have had the quantity of alcohol in his blood required for conviction under subdivision 2 and yet not be found to be in an intoxicated condition under subdivision 3. Likewise, he could be found to be in an intoxicated condition though the level of the weight of alcohol in his blood fell below the ".10 of one per centum” statutory level. Therefore, section 1192 itself did not give the defendant notice that a charge of subdivision 2 or 3 is a charge of all three of its subdivisions in the absence of section 1196 having been brought directly to his attention. Incidently, the facts of this case make it unnecessary to seriously consider applying the interesting and novel suggestion that, though the offenses are separable, the three of them may be regarded as but a "species” of a single "generic offense”. (People v Carcel, 3 NY2d 327, and People v Todaro, 26 NY2d 325, cited in the Per Curiam opinion, do not, in our view, support such a theory. In Cárcel, the question did not arise. We dismissed the complaint; the dissent was for conviction on the precise subdivision charged. In Todaro, the complaint had directed the defendant to the harassment section as a whole, referring to no one subdivision to the exclusion of the others.) Nor are subdivisions 2 and 3 different degrees of impairment. One is qualitative, the other quantitative.
However, the foregoing considerations do not end the matter. Notice may be given in various ways other than those considered above and, in determining whether it was given in a particular case, we are required to look to substance rather than form (Hurtado v California, 110 US 516; cf People v Boback, 23 NY2d 189,195).
Here the defendant had consented to a Breathalyzer test. Its results were available to him as a matter of right (Vehicle and Traffic Law, § 1194, subd 6; People v Seaman, 64 Misc 2d 684). It showed a blood alcohol level far beyond that required for convic *394 tion under subdivision 2. Its findings were admissible into evidence (Vehicle and Traffic Law, § 1195; People v Donaldson, 36 AD2d 37, supra). While proof of conduct consistent with intoxication might not be relevant on a charge under subdivision 2, it obviously was the most telltale, objective item of proof to be anticipated at trial of the subdivision 3 of section 1192 charge. Furthermore, defendant was represented by counsel almost from the inception. The entire trial itself, up to the time of taking of the exception to the charge, proceeded from the very opening to the jury on the declared theory that a conviction was being sought under subdivisions 2 and 3 and was defended on that basis. Under these circumstances, the requisite notice was in fact brought home to defendant.
"The test * * * is whether the accused was misled.” (Hallman v United States, 208 F2d 825, 827.) Because defendant here was sufficiently informed so as to be enabled fully to meet the charge of which he was found guilty, we should reverse the County Court’s decision that he was deprived of his constitutional rights and remit the matter to that court for determination of the facts in accordance with CPL 470.40 (subd 2, par [b]).

. The Breathalyzer is an instrument used for chemically analyzing the breath in order to determine the percentage of alcohol in the blood, (see People v Donaldson, 36 AD2d 37, 39-40.)

. US Const., 14th Amdt.; NY State Const., art I, § 6.

. The Commissioner of Motor Vehicles is authorized by section 207 of the Vehicle and Traffic Law to provide a uniform traffic ticket.