■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE PERRIN, Appellant.—Appeal from a judgment of the County Court of Franklin County, rendered May 10, 1976, upon a verdict convicting defendant of the crimes of burglary in the first degree, burglary in the second degree, robbery in the first degree, and two counts of assault in the third degree. The prosecution's evidence revealed that the defendant broke into the complainant's apartment at night, forcibly stole money from the complainant and committed assaults with a knife upon complainant and one Charles Lord. Defendant contends that various alleged errors of law were committed by the trial court which require the granting of a new trial. We have examined these contentions and find that they are without merit. There is, however, a problem arising out of the fact that the first count of the indictment accused the defendant of committing the crime of burglary in the first degree (Penal Law, § 140.30), under the theory that the defendant knowingly entered the dwelling at night with intent to commit the crimes of assault and larceny and while in the dwelling caused physical injury to Valerie Wheeler. The second count of the indictment is identical to the first except the theory underlying this count is that the defendant, while in the dwelling, caused physical injury to Charles Lord. It is apparent that counts

one and two of the indictment accuse the defendant of committing the same crime but postulate different theories for the accomplishment of the crime. In our view the indictment was not defective. "An indictment may state in different counts the accomplishment of the crime charged in various ways as long as the facts relate to the same deed or transaction. * * * This is permitted where there may be doubt or uncertainty as to whether the facts and circumstances will show or do show one or the other to be the exact fact" (People ex rel. Prince v Brophy, 273 NY 90, 98). While the indictment was, therefore, proper in form, it is clear that the defendant could only be convicted of one count of burglary. An individual is guilty of burglary in the first degree if he enters a dwelling at night with the requisite mental state and, while inside the dwelling, "Causes physical injury to any person who is not a participant in the crime" (Penal Law, § 140.30, subd 2). Regardless of how many persons are injured by the defendant inside the dwelling, the defendant can only be convicted of one count of burglary since there has been only one entry. The error occurred when both counts of burglary were submitted to the jury. The jury found the defendant guilty of burglary in the first degree under the first count of the indictment and guilty of burglary in the second degree under the second count of the indictment. The defendant was therefore convicted of two counts of burglary, when he could only have been convicted of one count. The proof conclusively establishes that the defendant was guilty of burglary in the first degree and the jury so found. We, therefore, must reverse the conviction pursuant to the second count and dismiss the second count of the indictment. Accordingly, we set aside the judgment and sentence of the court under the second count of the indictment wherein the defendant was convicted of burglary in the second degree and sentenced to serve an indeterminate term of imprisonment with a maximum of 10 years and a minimum of 5 years. The sentences under the remainder of the counts were proper and should be affirmed. Judgment modified, on the law, by reversing so much thereof as convicts defendant of burglary in the second degree and imposes sentence therefor; second count of indictment dismissed, and, as so modified, affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.