■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY DALE McCRAY, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered November 30, 1976, upon a verdict convicting defendant of the crimes of burglary in the first degree (two counts), assault in the second degree (three counts), criminal possession of a weapon in the second degree, kidnapping in the second degree and unlawful imprisonment in the first degree. The convictions herein arose out of an incident which occurred in the early morning of May 15, 1976 in the Town of Sanford, Broome County, wherein defendant unlawfully entered a mobile home, physically assaulted the two occupants thereof and, subsequently, in an attempt to escape capture, seized a State Police officer and held him as a hostage at gun point for approximately 45 minutes. Ultimately defendant was sentenced to concurrent 5 to 15-year terms on the two burglary counts to run concurrently with 0 to 5-year terms on the three assault counts and the weapons charge. He was also given a consecutive term of 5 to 15 years on the kidnapping conviction to be served concurrently with a 0 to 3-year term on the unlawful imprisonment charge. On this appeal, he makes several contentions which we shall consider seriatim. Initially, we find that defendant was properly convicted of kidnapping in the second degree (Penal Law, § 135.20). The charge to the jury in this regard was correct, and, contrary to defendant's contention, the "merger doctrine" as enunciated in *People v Cassidy* (40 NY2d 763) is inapplicable to the situation here because the kidnapping occurred subsequent to the burglary and the assaults and was not necessary for the commission of those offenses (see *People v Shay,* 60 AD2d 698). As to the quantum of evidence, an abduction by means of the threatened use of deadly physical force was amply demonstrated (Penal Law, §§ 135.00, 135.20), and the conviction should, therefore, stand. This result, as both parties agree, mandates the dismissal of the unlawful imprisonment count (Penal Law, § 135.10) as a lesser included offense of the kidnapping count, and we likewise agree with defendant that the criminal possession of a weapon charge must be dismissed since, under the circumstances here, he could not have committed the kidnapping without also having been guilty of the weapon possession charge *(People v Williams,* 57 AD2d 850). Turning now to the burglary counts, we find that they were satisfactorily proven and cannot agree with defendant that there was insufficient evidence to establish that the burglary occurred at night as required by section 140.30 of the Penal Law. Although no evidence of the time of sunrise was produced at trial, this court can take judicial notice that

sunrise in the Town of Sanford on May 15, 1976 was at approximately 5:39 A.M. (21 NY Jur, Evidence, §§ 18, 84), and it may be presumed that the jurors, as members of the local community, were generally aware of sunrise time *(People v Wozniak,* 167 Cal App 2d 448). Considering these factors together with section 140.00 (subd 4) of the Penal Law, pursuant to which night ended on May 15, 1976 in the Town of Sanford at 5:09 A.M., and the testimony of numerous witnesses indicating that the burglary occurred at approximately 4:00 A.M., it is clear that the evidence adduced at trail amply demonstrated that the burglary occurred at night. Having resolved that a burglary conviction was proper, we must nonetheless dismiss one of the two burglary counts because there was only one entry into the mobile home *(People v Perrin,* 56 AD2d 957), and, accordingly, we would sustain the conviction under section 140.30 (subd 1) of the Penal Law and dismiss the conviction under section 140.30 (subd 2) of the Penal Law. In this manner, we make certain that defendant's assault convictions (Penal Law, § 120.05, subd 2 [2 counts]; subd 6 [1 count]) do not have to be dismissed as lesser included offenses of the sustained burglary count, although one assault count must be dismissed because there were in fact only two assaults committed *(People v Perrin, supra).* Lastly, defendant challenges the sentences imposed. On this issue, while the trial court asserted that defendant would be imprisoned for at least 10 years, it is clear that, pursuant to section 70.30 (subd 1, par [b]) of the Penal Law, defendant's minimum terms merge and his minimum terms will be satisfied by service of 5 years. With regard to the severity of sentences, no extraordinary circumstances are presented which would warrant our disturbance thereof *(People v Parliman,* 56 AD2d 966; *People v Caputo,* 13 AD2d 861). Judgment modified, on the law and the facts, by reversing so much thereof as convicts defendant of count 2 (burglary in the first degree in violation of Penal Law, § 140.30, subd 2), count 5 (assault in the second degree in violation of Penal Law, § 120.05, subd 6), count 6 (criminal possession of a weapon in the second degree in violation of Penal Law, § 265.03), and count 8 (unlawful imprisonment in the first degree in violation of Penal Law, § 135.10) of the indictment; these counts of indictment dismissed, and, as so modified, affirmed. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.