OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
After a jury trial at which overwhelming evidence of defendants’ participation in the crimes charged was introduced by the prosecution, defendants were convicted of burglary in the second degree, unlawful imprisonment in the second degree, and assault in the third degree. On this appeal, defendants contend that the evidence adduced at trial was legally insufficient to sustain their convictions of burglary in the second degree inasmuch as there was no proof offered to establish that the defendants committed the crime at nighttime as charged in the indictment. (See Penal Law, § 140.25, subd 2.) Specifically, defendants claim that since no evidence was offered to establish the exact time of sunset on the day of the incident, the jury had "no basis or frame of reference with which to apply the [court’s] * * * instruction with respect to the definition of Burglary in the Second Degree and the meaning of nighttime.”
The term "night” is defined by statute as "the period between thirty minutes after sunset and thirty minutes before sunrise” (Penal Law, § 140.00, subd 4), and the Trial Judge so charged the jury. The record discloses that sunset on January 19, 1976 — the day of the incident — in the City of Middleton occurred at 5:02 p.m., although the jury was not informed of this fact.
While it certainly would have been the better practice for *727 the prosecutor to have established the time of sunset (or the court, having taken judicial notice thereof, to have so informed the jury) in order to provide the jurors with a point of reference from which to judge the proof, we cannot say, in the context of the particular facts of this case, that the failure to do so requires a new trial.
The record reveals that the trial court charged the jury that the defendants could be convicted of burglary in the second degree only if the jurors found, as an element of the crime, that the burglary was committed at night. A careful review of the record discloses that all witnesses, without exception, testified that the criminal conduct of defendants commenced no sooner than 6:00 p.m. No evidence to the contrary exists and, indeed, no inconsistencies in the testimony establishing the time of the incident can be discerned. Given such proof, and cognizant of the fact that jurors — as members of the community — are presumed to possess knowledge of the approximate time of sunset in that vicinity (see People v Wozniak, 167 Cal App 2d 448, 451), we believe that the jurors must have found, in accordance with the Judge’s instructions, that the burglary occurred at nighttime. Thus, the evidence was legally sufficient to sustain defendants’ burglary convictions. (See People v McCray, 61 AD2d 860.)
Defendants’ remaining contentions have been considered and found to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
Order affirmed in a memorandum.