■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD BINK, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 23, 1978, upon a verdict convicting defendant of two counts of the crime of sodomy in the first degree. Complainant and defendant were inmates of the Albany County Jail and both agree that complainant, on three occasions on January 1 and January 2, 1978, performed fellatio on defendant. It is further established that on the evening of January 2, 1978, complainant told a correction officer sergeant that defendant had "threatened" and/or "forced" complainant to perform those sex acts and that he was to do it again the morning of January 3, 1978, in complainant's cell. Complainant refused offers of physical protection by the sergeant but was assured that the correction officers would especially watch him and defendant on January 3, 1978. The sergeant testified that on the morning of January 3, 1978, he utilized what was, in effect, a one-way viewing window to observe defendant and complainant together in the cell; that he observed complainant and defendant jointly prepare an area so that it would hide them from view; that he observed complainant enter the area and then defendant enter it; that he entered the cell and exposed defendant and complainant to view at which time he observed that complainant had defendant's penis in his mouth. The sergeant observed nothing to indicate that complainant was forced to perform fellatio. Complainant testified that he performed the act of sodomy on each occasion because defendant implicitly threatened him by clenching his hands into fists, explicitly threatened him with forcible anal intercourse, and, on one occasion, threatened to make a sharp instrument and then stab him if he told the jail authorities about the incidents. The indictment herein in two counts charged only the single acts occurring on January 2 and January 3, 1978, and

defendant was convicted of those two counts. Among other things, defendant contends that the record does not establish by proof beyond a reasonable doubt that the incident observed by the sergeant occurred as a result of forcible compulsion or that the preceding incident on January 2, 1978 involved the application of forcible compulsion as required by section 130.50 of the Penal Law for the crime of first degree sodomy. As to the event of January 3, 1978, complainant testified that he wanted defendant and himself to be caught "in the act" and he refused all offers of physical protection. While complainant may have been intimidated by defendant making a fist on January 3, 1978, the sergeant observed neither fists nor force on the part of defendant in complainant's cell. Complainant knew he was to be observed by the correction officer and he neither yelled out for help nor offered any resistance and his actions are consistent with his admitted desire to have himself and defendant caught "in the act". Defendant's motion to dismiss the count of the indictment as to the act of January 3, 1978 should have been granted by the trial court at the close of the People's case. However, given the prison environment and complainant's youthfulness (17 years of age), the question of whether or not defendant made implicit and explicit threats, on and before January 2, 1978, that placed complainant "in fear of immediate death or serious physical injury" (Penal Law, § 130.00, subd 8), which overcame his will to resist on January 2, 1978, was for the jury. Defendant cites the case of *People v Hughes* (41 AD2d 333, app dsmd 36 NY2d 981) as comparable in proof. However, the circumstances surrounding the alleged threats in the *Hughes* case and in this case are entirely dissimilar and *Hughes* is, therefore, inapposite. Complainant did promptly complain to the authorities of the continuing conduct of defendant and complainant's failure to offer any physical resistance was explained in the record and became a matter for the jury to weigh. The remaining contentions of defendant have been considered and lack sufficient merit to require discussion. It is to be observed that as to the denial of the motion to dismiss the indictment, the finding of this court that the count setting forth the charge of sodomy on January 3, 1978 was not proven beyond a reasonable doubt requires its dismissal (CPL 470.20) and the finding that as to the January 2, 1978 count the conviction is founded upon legally sufficient evidence precludes appellate review of that count of the indictment (CPL 210.30, subd 6). Judgment modified, on the law, by reversing the conviction of sodomy in the first degree as charged in the second count of the indictment, vacating the sentence imposed thereon and dismissing the second count of the indictment, and, as so modified, affirmed. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.

Weiss, J., concurs in part and dissents in part in the following memorandum.
Weiss, J. (concurring in part and dissenting in part). In my view, a distinction between the January 2 and January 3 incidents as to whether or not defendant made implicit and explicit threats that placed the complainant "in fear of immediate death or serious physical injury" (Penal Law, § 130.00, subd 8) sufficient to overcome his will to resist, cannot be made. The fact that complainant had apprised his jailor of the situation did not extinguish the very real and continuing threat of harm to him. Essentially, each situation presents a question for the jury, precluding dismissal of the second count of the indictment for lack of sufficient proof. We should not lose sight of the statutory requirement that "Earnest resistance" must be measured "under all the attendant circumstances" (Penal Law, § 130.00, subd 8). The complainant was a 17-year-old youth subject to the abrupt pressures of a prison environment. Defendant's strength and violent disposition may very well have occasioned sufficient coercion *in complainant's mind* throughout this entire scenario (see *People v Coleman,* 42 NY2d 500). Moreover, complainant's seeming condescendence during the January 3 incident must be evaluated in recognition of his co-

operation with the authorities to provide proof of the crime. The trial court was in the best position to evaluate the demeanor and credibility of witnesses and, thus, we should not substitute our judgment. The judgment should be affirmed.