■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant. (Appeal No. 1.)—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling and with intent to commit a crime therein causes physical injury to any person who is not a participant in the crime (Penal Law § 140.30 [2]). Defendant clearly is guilty of burglary in the first degree, but since there was but one entry he can only be convicted of one count of burglary. We, therefore, must reverse his conviction on the second count of burglary *(People v McCray,* 61 AD2d 860, 861; *People v Perrin,* 56 AD2d 957, 958).

Defendant also argues that the indictment should be dismissed on constitutional speedy trial grounds, relying on our decision in a case of a codefendant *(People v Brown,* 117 AD2d 978).* The distinction between the two cases, however, is that

defendant, unlike Brown, made no motion for relief under CPL 30.20. "No application for the relief now sought having been made in Supreme Court in the criminal action and accordingly there having been no denial of a request for such relief, as a matter of appellate procedure * * * there was no ruling of the trial court in this action to be reviewed by the Appellate Division * * * (People v Whisby, 48 NY2d 834; People v Adams, 38 NY2d 605)" (People v Jordan, 62 NY2d 825, 826; see also, People v Lawrence, 64 NY2d 200).

We note that defendant's notice of appeal in the second appeal is simply a duplication of his appeal herein and, therefore, must be dismissed.

We have examined the many other issues raised by defendant on this appeal and find them to be without merit (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—burglary, first degree, and other offenses.) Present—Dillon, P. J., Doerr, Green, Pine and Lawton, JJ. [See, 123 Misc 2d 983.]