(July 30, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ANTHONY THOMPSON, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered February 17, 1982, upon a verdict convicting defendant of two counts of the crime of sodomy in the first degree.

On August 6, 1981, a 16-year-old inmate at the Albany County Jail, assigned to the juvenile tier, was allegedly forced to perform acts of sodomy by defendant, a 35-year-old male who was then also an inmate. Defendant was indicted and charged with two counts of first degree sodomy and two counts of third degree sodomy. A jury trial was conducted, after which County Court submitted to the jury the two counts of first degree sodomy and, alternatively, the two third degree sodomy counts. The jury found defendant guilty of two counts of first degree sodomy, after which defendant was sentenced as a predicate felon to indeterminate terms of imprisonment of 12½ to 25 years, to run consecutive to sentences then being served. Defendant appeals.

Initially, defendant challenges the indictment as jurisdictionally defective on the ground that the counts charging first degree sodomy do not sufficiently allege forcible compulsion, which is an element of that crime (Penal Law § 130.50). This challenge was not raised until this appeal. While jurisdictional defects in an indictment may be raised on appeal despite the absence of an objection at trial, a challenge to the sufficiency of factual allegations in the indictment may not (see, People v Iannone, 45 NY2d 589, 600-601). The indictment in the instant case alleges forcible compulsion and, thus, is not jurisdictionally defective. Defendant's contention that it does not allege facts demonstrating the immediacy of the threats made to the victim goes to the adequacy of the factual allegations of the indictment, and this contention cannot now be raised.

Next, defendant contends that there was insufficient evidence to establish forcible compulsion which is an element of first degree sodomy. Forcible compulsion means: "physical force that overcomes earnest resistance; or a threat, express or implied, that places a person in fear of *immediate death or serious physical injury* to himself or another person, or in fear that he or another person will immediately be kidnapped"

(Penal Law former § 130.00 [8]; emphasis supplied).* In the instant case, the alleged incident occurred at a time when the victim was locked in a cell at the jail. Defendant propositioned the victim from outside the cell and threatened the victim that, if he did not comply with defendant's demands, defendant would "put the word out" and make sure that the victim "had a rough time of it". The victim then performed the acts of sodomy through the bars of his cell. Defendant contends that these facts do not present a threat of immediate injury. We agree. While the force of threats made in a prison setting are undeniably very real *(see, People v Bink,* 84 AD2d 607), the statute requires that the threat be capable of immediately being carried out. Since, in this case, defendant was outside the victim's locked cell, this immediacy was absent. Thus, there is insufficient evidence of forcible compulsion. Accordingly, the conviction of two counts of first degree sodomy must be reversed and the first two counts of the indictment dismissed.

Turning to the two counts of third degree sodomy, they were premised on the allegation that the victim was less than 17 years old at the time of the incident, while defendant was 21 years old or more *(see,* Penal Law § 130.40 [2]). The evidence, if believed, would support a conviction for such crime. However, since first degree sodomy could theoretically be committed without third degree sodomy also being committed, third degree sodomy is not a lesser included offense of first degree sodomy and this court may not exercise its power to reduce the conviction and remit for resentencing *(see,* CPL 470.20 [4]). The record indicates that, for some reason, the third degree sodomy counts were submitted to the jury as alternative counts, as if they were lesser included offenses. The jury was instructed not to consider the third degree sodomy counts if it found guilt on the counts of first degree sodomy. Thus, the jury never passed on the two counts of sodomy in the third degree. Accordingly, we remit the matter for a retrial on the third and fourth counts of the indictment.

We reach no other issue.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial on the third and fourth counts of the indictment. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

* The statute is to be applied as it existed at the time of the alleged crime *(see, People v Robare,* 109 AD2d 923, 924). The requirements of "earnest resistance" and "serious" injury were eliminated in 1982 (L 1982, ch 560) and 1983 (L 1983, ch 449), respectively.