(September 29, 1988)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD H. BATES, III, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered February 9, 1987, upon a verdict convicting defendant of the crime of burglary in the third degree.

On the night of June 15, 1986, defendant arrived at the Apalachin Tavern in the Town of Owego, Tioga County, and had several drinks. Later, as the tavern was closing, defendant apparently helped the tavern's manager clean up. The two men and the manager's girlfriend then agreed to meet at a truckstop for breakfast. When defendant failed to arrive, the manager and his girlfriend returned to the tavern and found defendant inside at the cash register. At that time an alarm

triggered to the cash drawer of the register was going off. Defendant was indicted and charged with third degree burglary. After a jury trial, defendant was found guilty as charged and was sentenced to an indeterminate prison term of 2 to 4 years. Defendant appeals.

Defendant contends that the People's evidence was purely circumstantial and was insufficient to establish his guilt. In reviewing defendant's contention, the evidence must be reviewed in the light most favorable to the People (see, People v Cardew, 132 AD2d 721, lv denied 70 NY2d 953). The People were required to prove beyond a reasonable doubt that defendant knowingly entered the tavern unlawfully with intent to commit a crime therein (Penal Law § 140.20). Here, defendant admitted that he returned to the tavern after it had closed and went inside. He testified that he thought he was to meet the manager there and that he entered through an unlocked rear door. The manager testified that they were to meet at a truckstop and that before he closed the tavern he made sure that all the windows and doors were locked. Also, evidence demonstrated that when police later arrived, a window above an oil tank outside the tavern was open. Footprints were on the oil tank and dirty fingerprints were on the window. A deadbolt on one of the back doors had been removed and thrown under a pinball machine. Faced with this contradictory testimony, the jury chose to disbelieve defendant. It was for the jury to pass on witness credibility (see, People v Shannon, 105 AD2d 986, 987). While the evidence that defendant's entry into the tavern was unlawful was circumstantial, if the jury believed the manager's testimony, the only reasonable inference to be drawn from the evidence was that defendant entered through the window. This would satisfy the element of unlawful entry. Finally, the evidence that the alarm on the cash register was activated and that the manager and his girlfriend saw defendant at the cash register, and the jury's rejection of defendant's explanation, established intent to commit a crime.

Defendant also contends that his intoxication on the night in question precluded him from forming an intent to commit a crime within the tavern. County Court properly charged the jury regarding voluntary intoxication (see, Penal Law § 15.25) and it was for the jury to evaluate the extent of defendant's intoxication and whether it prevented him from forming an intent. Upon a review of the evidence we cannot say that the jury erred in this matter.

Lastly, defendant claims that he was denied a fair trial

because the tavern manager remained in the courtroom during his testimony and made gestures in the sight of the jury indicating disbelief of defendant's testimony. County Court examined the jurors and found that 9 of the 12 and both alternates had seen the gestures. However, each of the jurors who saw the gestures assured the court that he or she would be able to disregard what was seen and render an impartial verdict. Because of these assurances, we concur with County Court's conclusion that defendant was not deprived of a fair trial.

Judgment affirmed. Mahoney, P. J., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.