■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE SILLAWAY, Appellant.—Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and, as modified affirmed, in accordance with the following memorandum: Defendant was convicted of two counts of first degree burglary and related crimes for breaking into his former wife's residence. On appeal defendant claims that the trial court erred in permitting testimony about defendant's prior conduct toward his wife and children, that both burglary convictions cannot stand and that his sentence was harsh and excessive. The court's evidentiary ruling was proper. Since defense counsel first raised the issue of family difficulties between the parties on cross-examination, the prosecutor was entitled to explore defendant's relationship with his family on redirect examination *(see, People v Melendez,* 55 NY2d 445, 451-452; *People v Buchalter,* 289 NY 181, 202-203, *rearg denied* 289 NY 244, *cert denied* 318 US 766). Moreover, on this record defendant's sentence was not harsh and excessive. Since both burglary convictions were based on the same illegal entry, however, defendant could only be convicted of one count and we must vacate his conviction on the second count *(see, People v Martinez,* 126 AD2d 942, *lv denied* 69 NY2d 952; *People v McCray,* 61 AD2d 860). (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—bur-

glary, second degree, and other charges.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.