■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY C. PIERCE, Appellant.—Mahoney, P. J. Appeal from a

judgment of the Supreme Court (Ingraham, J.), rendered December 19, 1986 in Cortland County, upon a verdict convicting defendant of the crimes of murder in the second degree (four counts) and arson in the first degree.

During the early morning hours of December 18, 1985, a fire at 20B Charles Street in the City of Cortland, Cortland County, killed two men. Investigators concluded that the fire had been set and speculation centered on defendant, who was ultimately indicted for arson in the first degree and six counts of murder in the second degree. Following a trial, defendant was convicted of the arson charge and four of the murder counts. He was sentenced to five concurrent terms of incarceration of 25 years to life. Defendant appeals from the judgment of conviction.

Defendant challenges two search warrants, the first of which permitted the search of a second-floor apartment at 33 James Street, Homer, New York, and resulted in seizure of defendant's sneakers, and the second of which permitted seizure of a sample of defendant's hair. As to the first search warrant, defendant failed to establish any proprietary interest in or relationship to the apartment, which was apparently occupied by and leased to Larry Kelley. In the absence of any such interest or relationship, defendant had no expectation of privacy in the apartment and, consequently, has no standing to challenge the warrant (see, People v Rodriguez, 69 NY2d 159; see also, People v Wesley, 73 NY2d 351).

Defendant argues that the second warrant was improperly issued because there was no showing of probable cause linking him to the crime or a clear indication that relevant and material evidence would be found, thereby negating two of the three requirements to compel a suspect to provide certain corporeal evidence as enumerated in Matter of Abe A. (56 NY2d 288, 291). Assuming that this is the appropriate standard, we conclude that the warrant was properly issued. The affidavits supporting the search warrant application revealed that defendant purchased $2 of gasoline in a red can on December 16, 1985 and that at about 4:00 A.M. on December 18, 1985, shortly before fire equipment was heard heading toward the fire site, defendant was observed smelling of smoke with singed hair. This evidence constituted probable cause linking defendant to the fire and indicated that defendant's hair, if singed, would be important evidence. We also reject defendant's contention that Supreme Court improperly failed to comply with CPL 690.36 (3) since this case does not involve

an oral application for a search warrant, to which the cited statute is applicable.

Defendant next claims that the evidence was legally insufficient to support the verdict. In this circumstantial evidence case, we must review the proof to ensure that the jury reasonably concluded that defendant's guilt was proven to a moral certainty (see, e.g., People v Betancourt, 68 NY2d 707, 709-710). In so doing, we will view the evidence in a light most favorable to the prosecution (see, e.g., People v Bates, 143 AD2d 481, 482). There was evidence in this case that the fire was deliberately set with a petroleum accelerant, that defendant purchased gasoline in a metal can shortly before the fire, that defendant smelled of smoke and had burned hair and sneakers shortly after the fire, that defendant knew the victims and was familiar with 20B Charles Street, and, perhaps most damaging, that after the fire defendant admitted to a fellow patron in a tavern that he "got even last night" when he "torched the place". These facts certainly provide a sufficient basis for the jury's verdict.

Finally, we disagree with defendant's contentions that he was denied effective assistance of counsel by his trial attorney's failure to move for a change of venue and that the sentence was harsh and excessive. The record gives no indication that a fair and impartial jury could not be selected so there is no basis to conclude that a change of venue motion was warranted (see, People v Parker, 60 NY2d 714). Considering defendant's 20-year criminal history and the nature of the crimes for which he was convicted, we cannot say that Supreme Court abused its discretion in imposing sentence.

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.