■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD ZANE, Appellant.—Judgment unanimously affirmed. Memorandum: The count of the indictment charging defendant with depraved indifference murder was not defective since it alleged the mental element in the words of the statute (see, People v Fitzgerald, 45 NY2d 574, 578, rearg denied 46 NY2d 837). Moreover, by pleading guilty, defendant waived any challenge to the sufficiency of the factual allegations in the indictment (see, People v Cohen, 52 NY2d 584, 587; People v Thompson, 132 AD2d 885, revd on other grounds 72 NY2d 410, rearg denied 73 NY2d 870).

The court properly denied defendant's motion to dismiss the count of the indictment charging defendant with felony murder for having caused the death of a fireman in the course of and in furtherance of the crime of arson. We reject defendant's contention that the felony murder statute, insofar as it applies to the crime of arson, is unconstitutionally vague because it does not define what is meant by "in the course of and in furtherance of such crime". (Penal Law § 125.25 [3].) The statute is sufficiently definite. It is illogical to interpret the statute, as defendant contends, as meaning that the death must occur at the time of the commission of the crime; it need only be caused by the commission of the crime. We agree with the Second Circuit Court of Appeals that the felony murder statute, as applied to the crime of arson, is constitutional (see, Bethea v Scully, 834 F2d 257).

The suppression court properly denied defendant's motion to suppress the statement that he gave to the police. The finding of the suppression court that the statement was voluntarily given after defendant waived his constitutional rights is supported by the evidence. (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—manslaughter, first degree; arson, third degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.