■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN GERINO, Appellant.—Judgment, Supreme Court, Bronx County (Elrich Eastman, J.), rendered April 29, 1986, convicting defendant, following a jury trial, of two counts of robbery in the second degree, assault in the second degree and criminal possession of stolen property in the third degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 3 to 9 years for each of the robbery counts, and one year and six months for the assault and criminal possession of the stolen property counts, respectively, is unanimously affirmed.

The record supports the conclusion of the suppression court that there was probable cause to arrest the defendant. The arresting officers, responding to a 911 radio alert of a robbery in progress, came upon the defendant, who fit the description of the perpetrator. Defendant was discarding papers from a wallet in his hand. As the police approached defendant, he stated that he had found it. In view of the police information and their observations at the scene, the officers had probable cause to believe that defendant had participated in a robbery or at least criminally possessed stolen property.

Moreover, the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt since the testimony at trial demonstrated that defendant and two other persons grabbed complainant and punched him in the face and stomach in the course of stealing his wallet. This testimony was corroborated by complainant's stepson who saw defendant, whom he had known for five years, attempt to smash his stepfather's head into the elevator. Defendant was apprehended within minutes of the robbery in close proximity to

the scene of the crime and in possession of complainant's wallet, chain and medallion. In addition, the complainant testified that, as a result of the beating inflicted upon him, he was rendered partially unconscious, suffered various cuts, bumps and bruises on his head, neck and elbow, as well as stomach pains which continued for three days *(see, People v Hope,* 128 AD2d 638). The evidence was, accordingly, sufficient to demonstrate "physical injury" pursuant to Penal Law § 10.00 (9), which is defined as "impairment of physical condition or substantial pain".

The allegedly improper comments made by the prosecutor during summation were unobjected to and therefore not preserved as a matter of law (CPL 470.05 [2]). In any event, any improper comment is harmless in view of the overwhelming evidence of defendant's guilt *(People v Crimmins,* 36 NY2d 230).

We are not persuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence *(People v Farrar,* 52 NY2d 302, 305; *People v Bourne,* 139 AD2d 210, *lv denied* 72 NY2d 955). Concur—Kupferman, J. P., Asch, Milonas, Wallach and Rubin, JJ.