■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CLOEN, Appellant.—Judgment affirmed. Memorandum: We reject defendant's contention that his convictions were not supported by legally sufficient evidence. The victim's testimony and a photograph of her scar established that she suffered physical injury *(see,* Penal Law § 10.00 [9]; *Matter of Philip A.,* 49 NY2d 198; *People v Harper,* 145 AD2d 933, 934). The victim's testimony also established that defendant intended to assault her and that she owned the couch which was the subject of the criminal mischief charge. The police officer's testimony was sufficient to sustain defendant's conviction for resisting arrest. We also conclude that defendant's convictions were supported by the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant's remaining arguments were not preserved for review *(see, People v Alfaro,* 66

NY2d 985, 987; *People v Satloff*, 56 NY2d 745) and we decline to reach them in the interest of justice.

All concur, except Lawton, J., who dissents in part and votes to modify, in accordance with the following memorandum.

Lawton, J. (dissenting). I must dissent in part. Defendant was improperly convicted of two counts of burglary when there was but one illegal entry (*see, People v Martinez*, 126 AD2d 942, *lv denied* 69 NY2d 952; *People v McCray*, 61 AD2d 860; *People v Perrin*, 56 AD2d 957, 958). Although this issue was not preserved, in my opinion this court should exercise its discretion in the interest of justice (CPL 470.15 [6]) and dismiss one of the burglary counts to correct this fundamental constitutional error. No person should be convicted twice for the same crime (*see, People v Santiago*, 51 AD2d 1, 8, n 5). (Appeal from judgment of Erie County Court, D'Amico, J.— burglary, first degree.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.