THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DAVIS, Also Known as JOHN DANIELS, Appellant.

Fourth Department, April 26, 1991

APPEARANCES OF COUNSEL

*Edward J. Nowak (Drew Du Brin* of counsel), for appellant.

*Howard R. Relin, District Attorney (Loretta Courtney* of counsel), for respondent.

### OPINION OF THE COURT

BOOMER, J.

■ Defendant has been convicted of two counts of burglary in the first degree—the first, under subdivision (2) of Penal Law § 140.30, charging him with causing physical injury to any person not a participant in the burglary, and the second, under subdivision (4), charging him with displaying what appears to be a firearm. These are "noninclusory concurrent counts" and we have no authority to vacate the conviction on one of the counts, as defendant requests.

A statutory provision that defines the offense named by providing in different subdivisions or paragraphs different ways in which such offense may be committed defines a separate offense in each such subdivision or paragraph (CPL 200.30 [2]). Subdivisions (2) and (4) of Penal Law § 140.30

provide different ways in which the offense of burglary in the first degree may be committed and, thus, each defines a separate offense. The separate counts under subdivisions (2) and (4) are concurrent counts because they were committed through a single act or omission (CPL 300.30 [3]; Penal Law § 70.25 [2]). They are noninclusory concurrent counts because one is not greater than the other and one does not contain all of the elements of the other (CPL 300.30 [4]).

Whereas, with respect to inclusory concurrent counts, a verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count (CPL 300.40 [3] [b]), and we have, on appeal, properly dismissed lesser included concurrent counts where the jury had found a defendant guilty of the higher count, there is no authority permitting us to dismiss noninclusory concurrent counts. The trial court, in its discretion, may submit to the jury one or more noninclusory concurrent counts, and any such count not submitted is deemed dismissed (CPL 300.40 [3] [a]). We have no authority to dismiss such count after the trial court has submitted it to the jury unless the trial court abused its discretion in submitting the multiple counts *(see, People v Brown,* 67 NY2d 555, 560-561, *cert denied* 479 US 1093 [where the elements of both of the submitted counts were identical]). Here, the court properly submitted both counts to the jury because the jury could have found defendant guilty of one count and not guilty of the other. The jury may, for instance, have found that defendant entered the building unlawfully with intent to commit a crime therein and that he displayed a weapon, but that he did not injure a person. Thus, the trial court did not abuse its discretion in submitting both counts to the jury.

▋ Not only do we lack authority to dismiss one of the counts, but it is inappropriate for us to do so. The jury found that defendant committed both acts and we should not, by dismissal, expunge one of the acts except by reversal if the verdict is not supported by the evidence or is against the weight of the evidence. Dismissal of one count in this instance could cause substantial prejudice to the People. Should the case be appealed by defendant to the Court of Appeals, it is conceivable that the Court of Appeals could reverse the conviction on the one remaining count of burglary because of insufficiency of evidence, even though the other count dismissed by us is supported by sufficient evidence.

It is apparent that the Legislature did not intend to give the Appellate Division the authority to dismiss 1 of 2 or more

noninclusory concurrent counts merely because they arise out of the same act. Not only did it make no provision for such dismissal, it expressly provided for separate but concurrent sentences on each noninclusory concurrent count. CPL 380.20 provides that "the court must pronounce sentence on each count" *(see, People v Green,* 61 AD2d 1138) and, in the case of multiple concurrent counts, the sentences must run concurrently (CPL 300.30 [3]; Penal Law § 70.25 [2]).

■ Concern that defendant will be prejudiced by being convicted of two offenses arising out of the same act is misplaced; the Legislature has expressly authorized such convictions and has avoided undue prejudice by providing for concurrent sentencing. Nor can we assume that defendant will be unduly prejudiced when appearing before the Parole Board or when being sentenced after conviction of a subsequent crime. The Parole Board and the sentencing court will have the facts of the prior convictions before them and will know that the multiple convictions arose out of one incident. They are entitled to know, moreover, that when defendant committed the burglary, he not only displayed a weapon, but also injured a person. Dismissal of the separate count involving the display of a firearm would be especially inappropriate because that offense is an armed felony, which subjects defendant to enhanced punishment *(see,* Penal Law § 70.02 [4]; CPL 1.20 [41]).

Courts have sanctioned multiple convictions of noninclusory concurrent counts of homicide *(see, People v Frazier,* 40 AD2d 555 [felony murder and intentional murder]; *People v Barnes,* 162 AD2d 1039, *lv denied* 76 NY2d 890 [felony murder and depraved indifference murder]; *People v Zane,* 152 AD2d 976, *lv denied* 74 NY2d 900 [felony murder and depraved indifference murder]; *People v Pierce,* 150 AD2d 948, *lv denied* 74 NY2d 817 [felony murder and depraved indifference murder]), of robbery *(see, People v Rivera,* 157 AD2d 540, *lv denied* 76 NY2d 795 [armed with a deadly weapon, use or threatened use of dangerous instrument, aided by another person actually present]; *People v Frazier,* 156 AD2d 198, *lv denied* 75 NY2d 868 [displaying what appears to be a gun, aided by another person actually present]; *People v Gerino,* 157 AD2d 570 [aided by another person actually present, causing physical injury to another person]), and of operating a motor vehicle while under the influence of alcohol *(see, People v Thornton,* 130 AD2d 78, *lv denied* 70 NY2d 755; *People v McDonough,* 39 AD2d 188; *People v Evans,* 75 Misc 2d 726, *affd* 79 Misc 2d 130 [Vehicle and Traffic Law § 1192 (2), (3)]). There is no reason for a

different rule in the case of multiple noninclusory concurrent counts of burglary.

Defendant has argued that "since there [is] but one entry [defendant] can only be convicted of one count of burglary" *(People v Martinez,* 126 AD2d 942, *lv denied* 69 NY2d 952; *see also, People v Sillaway,* 144 AD2d 959; *People v McCray,* 61 AD2d 860, 861). The rule cited appears to have its origin in the case of *People v Perrin* (56 AD2d 957). In *Perrin (supra),* the multiple counts were not, as here, under different subdivisions of the burglary section. They were under the same subdivision and they charged but one crime. In *Perrin (supra),* defendant was charged in one count of the indictment with having entered the dwelling with intent to commit crimes therein and having caused physical injury to Valerie Wheeler. The second count was the same, except that it charged defendant with having caused physical injury to Charles Lord. Both counts were charged under Penal Law § 140.30 (2), which provides that a person is guilty of burglary in the first degree when he knowingly enters (or remains) unlawfully in a dwelling with intent to commit a crime therein and when, in the dwelling or in immediate flight therefrom, he "[c]auses physical injury to any person who is not a participant in the crime". No matter how many persons defendant injured while in the dwelling, he was guilty of only one crime. Thus, the decision in *People v Perrin (supra)* did not violate the directives of CPL 200.30 (2), CPL 380.20, CPL 300.30 (3), and Penal Law § 70.25 (2), that each subdivision or paragraph which provides different ways in which an offense may be committed defines a separate offense which must be set forth in a separate count and that sentence must be imposed on each count of which defendant is convicted.

Here, unlike *Perrin (supra),* the counts of which defendant was convicted are defined in separate subdivisions of the statute. Thus, they are separate offenses and sentences must be imposed on both, to run concurrently. In contrast, *People v Martinez* (126 AD2d 942, *supra),* like *People v Perrin,* involved a single offense of burglary in the first degree under subdivision (2) of Penal Law § 140.30, even though defendant caused physical injury to more than one person. In other cases, however, courts erred in purportedly following *Perrin* without analyzing the facts and the rationale of that case *(see, People v Sillaway,* 144 AD2d 959, *supra; People v McCray,* 61 AD2d 860, 861, *supra* [both involving convictions under separate subdivisions of Penal Law § 140.30]). *Perrin* involved but one

crime defined under one subdivision. *Perrin* did not say that, because there was only one unlawful entry, defendant could be convicted of only one count of burglary. *Perrin* said, *"[r]egardless of how many persons are injured by the defendant inside the dwelling,* the defendant can only be convicted of one count of burglary since there has been only one entry" *(People v Perrin,* 56 AD2d 957, 958, *supra* [emphasis added]). Accordingly, we overrule *People v Sillaway (supra).*

We have reviewed the record and conclude that the verdict is not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We also find that the court's instructions to the jury concerning the defense of justification were proper and fully conveyed to the jury the applicable legal principles.

Defendant failed to preserve for our review the remaining issues raised on appeal *(see,* CPL 470.05 [2]), and we decline to exercise our discretionary power of review in the interest of justice *(see,* CPL 470.15 [6]).

DILLON, P. J., DOERR, PINE and LAWTON, JJ., concur.

Judgment unanimously affirmed.