■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT GRISWOLD, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following Memorandum: The jury convicted defendant of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]); assault in the first degree (Penal Law § 120.10 [1]); assault in the second degree (Penal Law § 120.05 [2]); and three counts of burglary in the first degree (Penal Law § 140.30 [2] [two counts], [3] [one count]). The evidence demonstrated that defendant unlawfully entered the dwelling of Eugenia Golding, his former wife, and, while there, he stabbed Ms. Golding and cut Mary Ellen Van Velson with a knife.

Under count four of the indictment, defendant was convicted of a violation of subdivision (2) of Penal Law § 140.30 for having entered the dwelling with intent to commit crimes therein and having caused physical injury to Ms. Golding. The fifth count, of which defendant was also convicted, was identical to the fourth, except that it charged defendant with having caused physical injury to Ms. Van Velson. Where, as here, there is but one unlawful entry and the indictment charges two counts of burglary in the first degree under the same subdivision of the statute, defendant may be convicted of only one count of burglary *(see, People v Perrin,* 56 AD2d 957; *see also, People v Davis,* 165 AD2d 610). Although the issue is unpreserved, the People concede that one count of burglary should be dismissed. Thus, we reverse the conviction under the fifth count of the indictment and we dismiss that count *(see, People v Perrin, supra).*

The same rationale does not apply, however, to defendant's conviction of burglary in the first degree under the sixth count of the indictment because that count charged defendant with a violation of subdivision (3) of Penal Law § 140.30 for having used a dangerous instrument while in the victim's dwelling *(see, People v Davis, supra).*

We further conclude that defendant's sentence was neither harsh nor excessive. The remaining contentions raised by defendant have not been preserved for appellate review *(see,* CPL 470.05 [2])* and we decline to reach them in the interest of justice. (Appeal from Judgment of Monroe County Court, Connell, J.—Attempted Murder, 2nd Degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lowery, JJ.