■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RIVERA, Appellant. [616 NYS2d 610] —Judgment, Supreme Court, New York County (Stephen Barrett, J.), rendered No-

vember 29, 1989, convicting defendant, after a jury trial, of two counts of burglary in the first degree, and robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years (first 3 counts) and 5 to 10 years (4th count), respectively, unanimously affirmed.

Defendant and others robbed the victim in his apartment and burglarized the contents of the apartment; the victim recognized the defendant from the building. The defendant hit the victim on the head with a beer bottle, which drew blood and caused physical pain to the victim for several days, and, while displaying a knife, kicked him in the back, knocking the victim to the ground, which caused additional pain. As a result of such pain, the victim was forced to miss three days of work. The evidence of physical injury was legally sufficient *(People v Usman,* 181 AD2d 628, *lv denied* 79 NY2d 1055; *People v Gerino,* 157 AD2d 570).

By failing to challenge the "no adverse inference" instruction provided at defendant's request pursuant to CPL 300.10 (2), either on statutory *(People v Autry,* 75 NY2d 836) or constitutional *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914) grounds, defendant has failed to preserve any of his present claims. Since the instruction conveyed the appropriate principles of law *(People v Nunez,* 182 AD2d 527, *lv denied* 80 NY2d 836), we decline to review in the interest of justice. Concur—Sullivan, J. P., Carro, Ellerin, Kupferman and Asch, JJ.