■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BRINSON, Appellant. (Appeal No. 1.) [629 NYS2d 555] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in determining that there was an independent basis to support the admission of the identification testimony of three witnesses. We disagree. Because the pretrial procedure used to identify defendant was improper (see, People v Brinson, 186 AD2d 1063), the People had to prove by clear and convincing evidence that there was an independent basis for the in-court identifications of defendant (see, People v Ballott, 20 NY2d 600, 606-607; Katz and Shapiro, New York Suppression Manual § 24.05). Here, the court's determination that there was an independent basis is supported by clear and convincing evidence that the three witnesses had ample opportunity to observe the perpetrator during the commission of the crimes (see, e.g., People v Jordan, 178 AD2d 1009, 1010, lv denied 79 NY2d 920; People v Androvett, 135 AD2d 640, 642, lv denied 71 NY2d 892; People v Sorenson, 112 AD2d 1016, 1017; People v Mosley, 110 AD2d 937, 938-939; People v Chamberlain, 96 AD2d 959, 960; People v Graham, 67 AD2d 172).

Defendant further contends that his sentence was harsh and excessive because the court imposed a greater sentence following a retrial after his conviction was reversed on appeal. The court set forth a legitimate and reasoned basis for the enhanced sentence, and we conclude that the sentence is not unduly harsh or severe (see generally, People v Miller, 65 NY2d 502, 507-511, cert denied 474 US 951).

The contention of defendant that his conviction of sodomy, sexual abuse and robbery merged with his kidnapping conviction has not been preserved for our review (see, CPL 470.05 [2]; People v Geer, 188 AD2d 1014, lv denied 81 NY2d 1073; People v Salimi, 159 AD2d 658, lv denied 76 NY2d 742), and, in any event, that contention is without merit.

We agree with the contention of defendant, however, that count five of the indictment must be dismissed. Defendant was convicted of count four of the indictment, which charged him with forcibly stealing property from one person while using a dangerous instrument to cause injury to another. Defendant was also convicted of count five of the indictment, which is identical to count four except that it charged defendant with having caused physical injury to a third person. Although two different individuals were injured, defendant may be convicted of only one count of robbery because there was only one forcible taking of property (see generally, People v Griswold, 174 AD2d 1038, lv denied 78 NY2d 1011; People v Martinez, 126 AD2d 942; People v Perrin, 56 AD2d 957). We, therefore, modify the judgment on appeal by reversing defendant's conviction under count five of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment.

We further conclude that defendant's conviction of assault in the second degree under counts 10 and 11 of the indictment cannot stand. Those counts, which charged defendant with assault in the second degree in violation of Penal Law § 120.05 (6), are lesser included offenses of counts six and seven of the indictment. Those counts charged defendant with robbery in the second degree in violation of Penal Law § 160.10 (2) (a) (see, People v Patterson, 192 AD2d 1083; People v Rogers, 139 AD2d 782). Because defendant was convicted of the greater offenses, the lesser inclusory concurrent counts of the indictment must be dismissed (see, CPL 300.40 [3] [b]; see generally, People v Robinson, 45 NY2d 448, 453-454; People v Grier, 37 NY2d 847, 848). Consequently, we further modify the judgment by reversing defendant's conviction under counts 10 and 11 of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment.

We have reviewed the remaining contentions of defense counsel and defendant in his pro se supplemental brief and conclude that they are without merit. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Kidnapping, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.