■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE QUATTLEBAUM, Appellant. [645 NYS2d 620] —Cardona, P. J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered April 10, 1995, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, a prison inmate, pleaded guilty to the crime of assault in the second degree for striking and injuring a correction officer. Prior to his sentencing, defendant moved to withdraw his plea based upon his assertions of innocence and ineffective assistance of counsel. County Court denied the motion. Defendant was sentenced as a second felony offender to a prison term of 2 to 4 years to run consecutive to the sentence he was then serving for reckless endangerment in the first degree. Defendant appeals.

We affirm. Although defendant correctly maintains that he indicated to County Court that he was controverting his prior felony conviction, at no point did defendant, despite being provided the opportunity to do so, articulate the basis for his challenge to the prior conviction and whether he was alleging that such conviction was unconstitutionally obtained (*see, People v West*, 181 AD2d 945; *cf., People v Zeoli*, 212 AD2d 935, *lv denied* 85 NY2d 916). Under these circumstances and given the information before the court as to defendant's prior conviction, we conclude that County Court did not err in failing to hold a hearing. Although defendant now contends that one of the items reviewed was hearsay, no objection on that ground was made at the time of the ruling by the court (*see, People v Oliver*, 63 NY2d 973, 975). Additionally, the record does not support defendant's assertion that County Court premised its determination of second felony offender status on the fact that defendant was incarcerated at the time of the present offense.

We have examined defendant's remaining contentions and find them unpersuasive. Defendant's challenges to the factual allegations in the indictment and sufficiency of the evidence in support thereof were waived upon his plea of guilty (*see, e.g., People v Wheeler*, 176 AD2d 1133, 1134, *lv denied* 79 NY2d 924; *People v Zane*, 152 AD2d 976, *lv denied* 74 NY2d 900; *People v Duboy*, 150 AD2d 882, 884, *lv denied* 74 NY2d 846).

Even accepting that the indictment made improper references to defendant's incarceration upon another conviction, these references resulted in no prejudice to defendant in light of his plea of guilty. The information was never placed before a jury (*see, e.g., People v Cooper*, 78 NY2d 476, 483-484).

Furthermore, as for defendant's assertion that he was denied the effective assistance of counsel, upon viewing the record as a whole and considering the favorable plea bargain negotiated by defense counsel, we conclude that defendant received meaningful representation (*see, People v Chevalier*, 226 AD2d 925).

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.