■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES FRAZIER, Appellant.— Appeal by defendant from two judgments of the Supreme Court, Kings County, both rendered November 11, 1971, one convicting him of murder, under indictment No. 690/71, after a nonjury trial, and sentencing him to a term of 25 years to life, and the other also convicting him of murder, under indictment No. 691/71, upon his plea of guilty, and sentencing him to another prison term of 25 years to life, to run concurrently with said sentence under indictment No. 690/71. Judgments affirmed. Indictment No. 690/71 charged appellant and another person with the murder of Fanny Burdick. The first count charged felony murder (Penal Law, § 125.25, subd. 3). The second count charged intentional murder (Penal Law, § 125.25, subd. 1). At the conclusion of the nonjury trial on that indictment the trial court summarized the evidence and rendered its decision, stating: "I find that the people have proved the defendant guilty beyond a reasonable doubt of the commission of felony murder as charged under the first count of the indictment; that no affirmative defense was proffered, and certainly none proven by a preponderance of the credible evidence which would in the slightest degree exculpate the defendant from culpability and participation in the commission of the felony murder. To the contrary, I find that the defendant knew that the co-defendant was armed with a loaded firearm at the time each deliberately, intentionally and wilfully undertook to forcibly rob the deceased. I further find that during the course of the robbery, and in furtherance thereof, or in immediate flight therefrom, the co-defendant shot and killed the victim. The second count, namely intentional murder, contained in the indictment, is dismissed." Appellant and his codefendant were also indicted for the murder of David Hornick (indictment No. 691/71). After the trial court found appellant guilty of the murder of Fanny Burdick, appellant withdrew a prior not-guilty plea under this indictment and pleaded guilty to the felony murder of David Hornick. We find no merit to appellant's contention that in the trial under indictment No. 690/71 the Trial Judge, as trier of the facts, (1) drew an impermissible, unfavorable inference from appellant's failure to testify or present an affirmative defense and (2) applied an erroneous theory as to the burden of proof. Appellant has overlooked the fact that with respect to felony murder subdivision 3 of section 125.25 of the Penal Law states: "In any prosecution under this subdivision, in which the defendant was not the only participant in the underlying crime, it is an affirmative defense that the defendant: (a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (b) Was not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons; and (c) Had no reasonable ground to believe that any other participant

was armed with such a weapon, instrument, article or substance; and (d) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury." There was no error with respect to the burden of establishing any affirmative defense. Subdivision 2 of section 25.00 of the Penal Law states: "When a defense declared by statute to be an 'affirmative defense' is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence." We find that the in-court identifications were clearly based on the witnesses' original opportunities to observe appellant and that these opportunities were ample. We find no merit to appellant's contentions with respect to the alleged unlawful search and seizure of the apartment of his sister, Mrs. Dianne Spry, at 651 Hawthorne Street. Although Mrs. Spry testified that appellant lived there, appellant, in his statement to the prosecuting authorities, said he lived at "415 St. Johns". We note parenthetically that at the change of plea hearing under indictment No. 691/71 he said he had been living at "414 St. John's Place". The trial court could credit, and we do credit, the address given by appellant at the time of his statement on the evening of his arrest rather than the address furnished for him by his sister at the trial. Thus, appellant had no standing to object to the alleged illegal search. Further, there was no proper compliance with sections 813-c and 813-d of the Code of Criminal Procedure. We find no merit to appellant's other contentions. Martuscello, Acting P. J., Latham, Gulotta and Christ, JJ., concur; Benjamin, J., concurs in result, with the following memorandum: While I agree that the judgment should be affirmed, I disagree with that part of the majority memorandum which holds that defendant lacked standing to challenge the search and seizure of the gun involved in the homicide of Fannie Burdick because he did not live at the searched premises. The gun was contraband and the search and seizure clearly were directed against defendant and were made to procure evidence to be used against him; hence, he had standing to challenge the search and seizure even if he did not live in or have any possessory interest in the searched premises (*Jones* v. *United States*, 362 U. S. 257; cf. *People* v. *Estrada*, 28 A D 2d 681, affd. 23 N Y 2d 719). However, in this case he waived that right by failing to make a pretrial motion to suppress the use of the gun as evidence (Code Crim. Pro., §§ 813-c, 813-d; CPL 710.40, 710.70; *People* v. *Peterson*, 25 A D 2d 437; *People* v. *McCall*, 19 A D 2d 630) and by failing to object, on the ground of illegal search and seizure, to its receipt in evidence at the trial.