■ In the Matter of RICHARD H. DUQUETTE, as Commissioner of Social Services of Clinton County, Respondent, v DEBORAH DUCATTE, Appellant. — Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered January 6, 1983, which, *inter alia,* determined that respondent willfully failed to obey an order of protection and committed respondent to a 30-day period of imprisonment. ¶ Respondent contends that the evidence presented was not sufficient to sustain a finding of her *willful* violation of the order of protection. However, a review of the record simply fails to support this contention. ¶ Next, respondent asserts that the ordered 30-day period of imprisonment was excessive. Again, however, a review of the record fails to substantiate respondent's contention. Under the circumstances of this case, Family Court's disposition was eminently fair and reasonable. The order must, therefore, be affirmed. ¶ Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY L. BACHERT, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 29, 1982, upon a verdict convicting defendant of the crime of burglary in the second degree, criminal trespass in the second degree and petit larceny. ¶ Defendant was indicted for two counts of burglary in the second degree and two counts of petit larceny stemming from two unlawful entries into an apartment in the Town of Southport. He was convicted of criminal trespass in the second degree for the March 24, 1982 incident, and burglary in the second degree and petit larceny for the second entry on March 26, 1982. He was sentenced to two concurrent one-year terms of imprisonment on the misdemeanor convictions and a concurrent two to six-year term of imprisonment on the burglary conviction. ¶ Defendant now contends that there was insufficient evidence to establish all the elements of the burglary conviction because he was too intoxicated to form the requisite intent to commit a crime. We disagree. A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein (Penal Law, § 140.25). As a general rule, the requisite intent may be inferred from the circumstances of the entry (*People v Mackey,* 49 NY2d 274, 280; *People v Terry,* 43 AD2d 875). Defendant concedes that he entered the apartment on March 26, 1982, and the record shows that a neighbor watched him crawl through a window to obtain entry. The Sheriff arrived in time to see defendant exit from the same window. He was immediately apprehended and found in possession of female undergarments. Several more items of ladies underwear were found on the floor of the patrol vehicle transporting him to the Sheriff's office. The victim denied that she gave authorization to enter her apartment and testified that she had discovered that clothing had been strewn about, dishes had been broken, and soiled laundry had been thrown in the bathtub. She also identified the items found on defendant's person as hers. Both deputy sheriffs opined that defendant did not appear to be intoxicated at the time of his arrest. Since there was a conviction, we view the evidence in a light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 203). Defendant's professed intoxication created a factual question for the jury. Considering the entire record, there is ample evidence to support the verdict. ¶ We do not find the sentence, which was well within the limits imposed by statute, to be harsh or excessive (Penal Law, § 70.02). ¶ Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.