(July 17, 1986)

■ The People of the State of New York ex rel. Charles Frazier, Appellant, v Walter Fogg, as Superintendent of Eastern New York Correctional Facility, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Supreme Court at Special Term (Klein, J.), rendered July 1, 1980 in Ulster County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Six years ago, Special Term dismissed the instant writ of habeas corpus from the Bench. At that time, petitioner, then (and still) an inmate at Eastern Correctional Facility, sought to relitigate his postjudgment challenges to two separate convictions (one the result of a nonjury trial and the other upon his guilty plea) for felony murder, for which concurrent prison sentences of 25 years to life had been imposed. Not only were those convictions appealed and affirmed *(People v Frazier,* 40 AD2d 555), but petitioner thereafter brought an undisclosed number of CPL article 440 motions to vacate them as well as Federal and State writ of habeas corpus petitions, all of which have been unsuccessful.

Special Term, held that it was foreclosed from considering those issues which had been rejected by the earlier decisions; as to any other issues, the court advised petitioner to proceed via CPL article 440. The thrust of petitioner's substantive claim is that there was no probable cause for his arrest; therefore, the confession taken from him, and the gun found as a consequence, were illegally admitted into evidence. He relies heavily on *Dunaway v New York* (442 US 200), arguing that he was unable to raise this issue at trial or on direct appeal before because *Dunaway* had not been decided until after his direct appeal was exhausted.

The decision by Special Term was never reduced to a judgment or order. As a general rule, no appeal lies except from a judgment or an order (CPLR 5501; *see, Burometto v Town of Schodack,* 85 AD2d 805, *appeal dismissed* 55 NY2d 1036). Moreover, the only remedy petitioner would be entitled to in any event would be a new trial—not his immediate

release from ·custody—and habeas corpus is unavailable for that purpose *(People ex rel. Kaplan v Commissioner of Correction of City of N. Y.,* 60 NY2d 648; *People ex rel. Hall [Haralambou] v LeFevre,* 92 AD2d 956, 957, *affd* 60 NY2d 579).

Appeal dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.