■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY L. BACHERT, Appellant.—Weiss, J. Appeal, by permission, from an order of the County Court of Chemung County (Castellino, J.), entered September 3, 1985, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of burglary in the second degree, criminal trespass in the second degree and petit larceny, without a hearing.

The facts relevant to this appeal are set forth in this court's previous decision (121 AD2d 802), where we determined that a CPL 440.10 motion was an appropriate procedural vehicle for challenging a judgment on the ground of ineffective appellate counsel (id., at 804). The Court of Appeals subsequently reversed this determination, finding that the proper method for bringing such claims is a common-law coram nobis motion in the appellate court where the alleged ineffective assistance of appellate counsel occurred (69 NY2d 593). The case has been remitted to this court and we, accordingly, consider the merits of defendant's application.

Defendant essentially maintains that appellate counsel failed to address two ostensibly key issues on the appeal from his conviction: that the prosecutor's attempt to introduce certain evidence at trial was unduly prejudicial and that the jury's verdicts were inconsistent and repugnant. Upon examination of these points, we find no impropriety in appellate counsel's failure to pursue them on the first appeal.

It is established that a defendant is constitutionally entitled to the effective assistance of counsel on appeal (see, People v Bachert, 69 NY2d 593, 596, supra). To be effective, however, counsel need not raise every nonfrivolous argument propounded by a defendant (Jones v Barnes, 463 US 745, 751-754). Counsel's determination to raise certain issues on appeal and

not others is a matter of strategy, and does not ipso facto warrant the conclusion that ineffective representation has been provided (see, People v Little, 88 AD2d 671, 672).

Defendant's claim of prosecutorial misconduct is premised on the prosecutor's inquiry during cross-examination as to whether any other females at the apartment complex had been the subject of defendant's interests. The purport of this question was to offer evidence that defendant had placed photocopies of certain body parts in the mailboxes of other women at the complex. Trial counsel's immediate objection was sustained, but his follow-up request for a mistrial was denied after County Court impliedly determined that the prosecutor's previous agreement not to utilize such evidence at trial did not apply to the use of this evidence for purposes of impeachment. Significantly, the prosecutor did not pursue this line of inquiry and never made reference to the photocopies before the jury. The challenged question then was neither unduly prejudicial, nor did it violate any alleged agreement as to the use of the photocopies as evidence at trial. It follows that appellate counsel's failure to raise this issue on appeal does not substantiate defendant's claim of ineffective assistance of appellate counsel.

Defendant's assertion that the verdicts were repugnant is similarly unavailing. The indictment arose out of two separate entries into the victim's apartment, the first on March 24, 1982 and the second on March 26, 1982 (see, People v Bachert, 102 AD2d 904). Thus, the acquittal on the petit larceny charge relating to the March 24, 1982 entry was not conclusive as to a necessary element of the burglary charge relating to the March 26, 1982 entry (see, People v Schmid, 124 AD2d 896, 897-898, lv denied 69 NY2d 955). Again, since the issue was without merit, appellate counsel's failure to pursue it does not indicate that his efforts were inadequate. Indeed, since appellate counsel did raise the issue as to whether defendant's intoxication precluded a finding of intent (see, People v Bachert, 102 AD2d 904, supra), we find that defendant was accorded adequate appellate representation (see, Jones v Barnes, 463 US 745, supra; cf., People v Casiano, 67 NY2d 906, 907). Accordingly, defendant's CPL 440.10 motion to vacate the judgment of conviction, which we have since converted into a motion for a writ of error coram nobis, is denied.

Appeal converted into a motion for a writ of error coram nobis and motion denied, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.