■ In the Matter of DAVID WONG, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

On March 12, 1986, from a watchtower at Clinton Correctional Facility, Correction Officer R. La Pierre saw petitioner, an inmate in the north yard, shove another inmate in the neck and back area; the latter then slumped to the ground. The officer, using binoculars, then identified petitioner as the attacker. Further investigation disclosed that the victim had been stabbed. An inmate misbehavior report was filed and a Superintendent's hearing was held, during which one of the witnesses petitioner asked to be called was not made available. As a consequence, the Hearing Officer's determination in that proceeding was ultimately annulled and Supreme Court remitted the matter for a new hearing.

The rehearing, held October 13, 1986, resulted in a finding

that petitioner was guilty of the charged violations, assault and committing a Penal Law offense. Petitioner's administrative appeal, though timely, was based on the sole ground that the evidence was insufficient. A departmental review board acting on behalf of respondent Commissioner of Correctional Services affirmed the Hearing Officer's determination. Well after the 30-day period for doing so and several days after the appeal decision had been issued, the Commissioner received a supplemental appeal from petitioner wherein he sought to have a number of due process arguments considered. He then brought this CPLR article 78 proceeding asserting that substantial evidence to support the disciplinary determination was lacking and that the various procedural errors adverted to for the first time in his supplemental appeal vitiated his hearing.

Given that La Pierre testified, the contention that substantial evidence is lacking is completely meritless *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 140). As for the conflict between the testimony of La Pierre and petitioner's witness, such credibility issues are for the Hearing Officer to resolve *(see, Matter of Burgos v Coughlin,* 108 AD2d 194, 197, *lv denied* 66 NY2d 603).

Petitioner's supplemental appeal was not timely *(see,* 7 NYCRR 254.8) and for that reason alone the points raised therein need not be considered *(see, Matter of Price v Coughlin,* 116 AD2d 898, 900). Nevertheless, in the interest of justice, we deem it expedient to entertain petitioner's due process claims to the extent that they stem from his difficulty speaking and understanding English. So circumscribed, petitioner's arguments are that he should have been furnished a copy of the inmate's rule book and the notice of the misbehavior report in Chinese, that he did not waive employee assistance, and that a translator should have been provided to assist with his administrative appeal.

Due process may require a translated rule book for an inmate who understands no English at all, for a fundamental element of due process is notice *(see, Mullane v Central Hanover Bank & Trust Co.,* 339 US 306, 314; *see also,* Correction Law § 138 [1]). But here a reading of the transcripts of both hearings indicates that while petitioner prefers, and is more comfortable, speaking Chinese, he is sufficiently well versed in English to enable him to have comprehended the charges against him and to understand and knowledgeably participate in the hearings themselves. Beyond that, we note that he was provided with a translator at each hearing, that

the quality of the translation was not objected to, that the need for the translator's services was minimal at best, and further, that he received copies of the misbehavior report in both English and Chinese.

With respect to whether petitioner waived employee assistance, Correction Officer George Rodriguez's testimony is dispositive. He stated that petitioner identified three witnesses to be contacted and declared that he desired an interpreter, but refused to sign the assistant selection form despite Rodriguez's apparently scrupulous efforts to explain the form to him; this reluctance to sign may well have emanated from petitioner's purported difficulty with English. In any event, since it appears that during the course of the hearing petitioner was asked, through the interpreter, if he required assistance in presenting his case and did not assert any such need, we are of the view that the right to employee assistance was knowingly and intelligently waived (see, Matter of Burke v Coughlin, 97 AD2d 862, 863).

There being no constitutional right to an administrative appeal (Matter of Amato v Ward, 41 NY2d 469, 473), petitioner's contention that a Chinese-speaking assistant should have been provided to aid petitioner with that appeal is untenable. Moreover, petitioner's papers before this court demonstrate ample ability on his part to press an appeal on his own.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Yesawich, Jr., Harvey and Mercure, JJ., concur.