■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

HECTOR CASTILLO, Also Known as HECTOR CRUZ, Respondent.—
Appeal by the People from a purported order of the Supreme
Court, Queens County (Bianchi, J.), dated July 27, 1987, which
sets forth the grounds for the court's imposition of an indeter-
minate sentence for the defendant's conviction of bail jumping
in the second degree.

Ordered that the appeal is dismissed.

On July 17, 1987, the defendant was sentenced, as a second
felony offender, to an indeterminate term of 1½ to 3 years'
imprisonment on his conviction of bail jumping, to run concur-
rently with the indeterminate sentence imposed on his convic-
tions for the felony offenses on which he jumped bail. In a
memorandum decision, dated July 27, 1987, the sentencing
court set forth the grounds for its imposition of concurrent,
rather than consecutive, indeterminate sentences. The People
contend that the imposition of concurrent indeterminate sen-
tences was invalid, as a matter of law, because there was no
finding of mitigating circumstances bearing directly upon the
manner in which the crime of bail jumping was committed
*(see,* Penal Law § 70.25 [2-c]).

The memorandum decision of the sentencing court is not an
appealable order and the People failed to timely appeal the
defendant's sentence, because its notice of appeal, dated Au-
gust 26, 1987, was filed more than 30 days from the date of
sentence *(see,* CPL 460.10 [1] [a]; *People v Weston,* 50 AD2d
940; *People v Hopkins,* 46 AD2d 814). Consequently, the appeal
must be dismissed. Mollen, P. J., Bracken, Rubin and Sulli-
van, JJ., concur.