■ In the Matter of DAVID T. GOLDSTICK, Petitioner, v MARIE M. LAMBERT, as Surrogate, Respondent.—Application pursuant to CPLR article 78 in the nature of mandamus, seeking to compel respondent Surrogate to sign a decision and order made by her on the record, on July 18, 1989, in response to petitioner's request for disclosure as to the nature of the Surrogate's relationship with opposing counsel, which the Surrogate *sua sponte* converted into a motion for her disqualification, which motion the court denied, and further ordered that such determination must be appealed from within 30 days, unanimously granted, and the Surrogate directed to sign either the certified minutes or the formal written order forthwith, without costs.

This proceeding has its genesis in a contested accounting proceeding in Surrogate's Court. During the trial, on July 18,

1989, petitioner, apparently in good faith, requested the Surrogate to disclose the nature of her relationship with the opposing counsel. The Surrogate, rather than address the application at hand, *sua sponte* decided to "treat this as a motion for me to disqualify myself." When petitioner protested that he had not made such a motion, the Surrogate further stated: "and I will deny the motion, you have thirty days to appeal. * * * I'm going to give you every opportunity to raise the issue now with the Appellate Division." Shortly thereafter, the court stated "[t]he decision I just made constitutes the order of the court. You have thirty days to appeal."

Petitioner, on August 16, 1989, filed a notice of appeal and preargument statement. Petitioner then obtained a duly certified copy of the minutes at issue and attempted to perfect the appeal for the April term of this court. However, he was, at that time, advised by a clerk of this department, that in order to perfect the appeal, the certified transcript containing the July 18, 1989 order of the Surrogate would either have to be signed by the Surrogate or confirmed by a separate formal order, pursuant to CPLR 5512 (a). The Surrogate refused to do either.

Petitioner, asserting that the Surrogate improperly refused to perform the ministerial act of signing either a formal order or the certified transcript, now seeks article 78 relief in the nature of mandamus compelling the Surrogate to promptly sign the transcript of the subject minutes. This we grant, without passing comment as to the merits of petitioner's appeal.

It is well established that, while drastic in nature, mandamus is the appropriate remedy to compel, *inter alia,* a judicial officer to perform "purely ministerial act[s] where there is a clear legal right to the relief sought." *(Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16 [1981]; *Matter of Grisi v Shainswit,* 119 AD2d 418, 420 [1st Dept 1986].) Thus, while a court cannot be commanded to exercise its discretionary functions in a prescribed manner *(Matter of Kahn v Backer,* 21 AD2d 171, 173 [1st Dept 1964]), if a court refuses to perform a ministerial act of a " 'nondiscretionary and nonjudgmental' " nature, mandamus is the proper vehicle for relief. *(Matter of Grisi v Shainswit,* 119 AD2d, *supra,* at 420; *cf., Klostermann v Cuomo,* 61 NY2d 525, 539-541 [1984].)

As respondent acknowledges, petitioner was entitled to have a signed order. However, contrary to respondent's contention, there is no question that upon being presented with a certified

transcript of the subject proceedings conducted on July 18, 1989 and written order embodying the court's determination and order, the Surrogate was obliged to perform the ministerial act of signing one or the other.

Accordingly, the writ should be granted, to the extent of directing the respondent Surrogate to sign the certified minutes, or in the alternative, a formal written order forthwith. Concur—Murphy, P. J., Carro, Rosenberger and Rubin, JJ.