■ STANLEY J. LEVY et al., Appellants-Respondents, v MICHEL F. BAUMEISTER et al., Respondents-Appellants.—Order of Supreme Court, New York County (Michael J. Dontzin, J.) entered on or about July 24, 1990 which *inter alia,* denied plaintiffs' motion to dismiss the defendants' counterclaims pursuant to CPLR 3212 and 3211 (a) (7), unanimously affirmed, with costs. Defendants' cross-appeal from the denial of their motion to reargue the Court's decision dated June 12, 1989, and defendants' appeal from a decision of the court rendered from the bench and allegedly entered on or about August 9, 1990 which deemed said court's June 12, 1989 decision to constitute an order of the court, are dismissed, without costs.

While a certified transcript dated August 9, 1990 appears in the record, in which the court states that it deems its decision of June 12, 1989 to be the order of the Court with no further order being needed until this Court decides the appeal from the court's order entered on or about July 24, 1990, nowhere in that transcript does Justice Dontzin state that his decision will constitute the decision and order of the court, and there is no indication that the transcript was entered as an order, the transcript was not itself an order and is therefore not an appealable paper.

The court correctly concluded that the present case presents a different provision from that construed and disallowed by the Court of Appeals in *Cohen v Lord, Day & Lord* (75 NY2d 95). In *Cohen,* the provision in question conditioned the payment of earned but uncollected partnership revenue upon a withdrawing partner's obligation to refrain from the practice of law in competition with his former law firm. In that case

the Court noted that while the provision did not expressly or completely prohibit a withdrawing partner from engaging in the practice of law, "the significant monetary penalty it exacts, if the withdrawing partner practices competitively with the former firm, constitutes an impermissible restriction on the practice of law". *(Cohen v Lord, Day & Lord, supra,* at 98.)

The provision here in question does not condition receipt of the withdrawing partners' benefits upon any agreement to refrain from competition with their former firm. Rather, said former partners, whether they remain with the firm or practice elsewhere are obligated only to pay the retiring partner "the value of the partnership's uncollected receivables inherent in matters pending" at the retiring partner's retirement date.

The prior litigation between the parties established that under the agreement in question an individual could be a "retiring partner" who receives benefits with respect to some matters, and a "former partner" obligated to contribute to the benefits of other partners with respect to other matters. Indeed, plaintiffs settled their dispute with their former partners who remained Kreindler & Kreindler partners and received retirement benefits as "retiring partners" under Articles 15 and 17 of the Agreement. By virtue of that same agreement they are "former partners" with respect to defendants Sincoff and Baumeister and must contribute to their retirement benefits pursuant to those same Articles. It is disingenuous for plaintiffs to take advantage of the agreement's provisions, and then seek to avoid their obligations under the very same provisions by arguing that they violate the Code of Professional Responsibility. Concur—Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.