THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERTO HERRARA, Respondent.

Second Department, September 23, 1991

### APPEARANCES OF COUNSEL

*Richard A. Brown, District Attorney (Andrew Zwerling* of counsel), for appellant.

*Kerry John Katsorhis* for respondent. (No brief filed.)

### OPINION OF THE COURT

Per Curiam.

On January 26, 1989, the prosecutor and the defendant's

attorney appeared in the Supreme Court, Queens County. The prosecutor, after noting that the People had declared their readiness for trial on numerous prior occasions, informed the Judge that the "complainant [had] become disheartened by the delays", and owing to the apparent reluctance of the State's primary witness, the People were not ready to proceed.

In response, the Judge declared that "[t]he case is over 400 days old; I'm not carrying it". Addressing the prosecutor, the Judge continued, "I'm going to dismiss this case and give you 30 days to restore it. When you * * * are ready, you give me something within 30 days that shows me that you got a witness, that you are ready to go to trial, and just serve a copy of it on [the defense counsel]". The Judge then repeated his directive that "the case is dismissed with leave to restore in 30 days".

After additional colloquy had taken place off the record, the Judge repeated the terms of his oral decision, stating that the case was "dismissed", although it would be placed on the court's calendar for February 27 "for sealing". In response to the prosecutor's request that the Judge explain the reasons for "dismissing the case", the Judge responded, "I'm dismissing the case on the grounds that it has been before me for 300 —for 408 days". The Judge added that the matter would be "put * * * over" in order to allow the People to have the indictment "restore[d]" by presenting "a certificate of the fact that [the People] are ready".

The prosecutor asked whether a written order reflecting the terms of the Judge's oral decision could be expected, and the Judge responded in the negative. After once more explaining the reasons for his refusal to carry the case, the Judge concluded the proceedings of January 26, 1989, by reiterating his decision that "It is dismissed".

The People took an appeal from what they characterized in their notice of appeal as "an order entered January 26, 1989". When the case came before this court, it was determined in a decision and order dated May 31, 1991, that no order had in fact been entered on January 26, 1989, or any subsequent date, and that from all appearances in the record, the Judge had in fact refused to sign an order. This court, therefore, directed that the appeal be held in abeyance, subject to an eventual motion to dismiss, unless the Judge issued an order or unless the People commenced a proceeding pursuant to CPLR article 78 to compel the Judge to issue an order (see, People v Herrara, 173 AD2d 850).

The Judge has now issued an order which supposedly embodies the terms of his oral decision. This order dated June 7, 1991, states that the case was placed on a "reserve calendar for ultimate dismissal", and that the matter was adjourned to February 27, 1989. The People argue that the order dated June 7, 1991, should be treated as though it fully reflected the terms of the decision dated January 26, 1989, so as to provide for a dismissal of the indictment with leave to move to restore it within 30 days under the conditions specified. For the following reasons, the People's argument must be rejected.

In civil and criminal practice, decisions are not appealable; appeals may be taken to the Appellate Division, under defined circumstances, from judgments and orders *(see, e.g., People v Keeffe,* 50 NY2d 149, 155, n 1; *People v Castillo,* 148 AD2d 463; *People v Newton,* 71 AD2d 1066; *People v Murphy,* 36 AD2d 684, 685; *see also, People ex rel. Frazier v Fogg,* 122 AD2d 377; *People ex rel. Dies v Ramsden,* 21 AD2d 980). In the present case, the People took their appeal in reliance on CPL 450.20 (1). However, that statute permits appeals only from "an *order* dismissing an accusatory instrument or a count thereof, *entered* pursuant to [CPL] 170.30, 170.50 or 210.20" (CPL 450.20 [1] [emphasis added]). In the present case, it appears that no order dismissing the accusatory instrument exists. "In criminal cases limitations on the right to appeal to an intermediate appellate court are principally designed to insure only that trial of the case is not interrupted by interlocutory appeals" *(People v Coppa,* 45 NY2d 244, 249, citing *Matter of Santangello v People,* 38 NY2d 536, 538). The People's right to appeal from pretrial orders in criminal cases is thus limited, in general, to orders which in effect terminate the prosecution *(see, People v Coppa, supra; cf., People v Brown,* 40 NY2d 381, *cert denied* 433 US 913). In the present case, while the court's decision dated January 26, 1989, appeared to terminate the prosecution, albeit with the proviso that the People would have the opportunity to "restore" it, the *order* entered on that decision did not have that effect.

The People argue that this court should reconcile the discrepancy between the terms of the order dated June 7, 1991, and those of the decision dated January 26, 1989. Assuming that such an approach could be taken under the circumstances of this case, we decline to do so. We take notice of the fact that the People did appear before the Supreme Court, Queens County, on February 27, 1989, and on subsequent occasions. We also note that during one of these subsequent

occasions, on June 5, 1989, the court issued an oral decision dismissing the indictment which the People claim had already been dismissed. Under these unusual circumstances, the order dated June 7, 1991, must be taken to reflect what the Judge claims he intended to do on January 26, 1989, however inconsistent that claim appears to be with the court's statements on January 26, 1989. In light of the general rule which recognizes the appealability of orders but not of decisions, and in light of the fact that the Judge considers the terms of his order dated June 7, 1991, to be a more accurate reflection of his ruling on January 26, 1989, than the statements in the transcript of the proceedings of January 26, 1989, we must reject the People's argument that the terms of the decision must govern.

It appears that so much of its oral decision dated January 26, 1989, as conditionally dismissed the indictment, was, in effect, vacated. Indeed, it can be said that, since any provision of the decision dated January 26, 1989, which called for dismissal of the indictment has been vacated, the People have already been given all the relief which they now seek from this court. (Of course, none of this changes the fact that the indictment was again dismissed by decision rendered on June 5, 1989, which is not now under review.)

In conclusion, the order dated June 7, 1991, is not appealable because it does not dismiss the indictment. Therefore, the People's appeal is dismissed.

BRACKEN, J. P., EIBER, MILLER and RITTER, JJ., concur.

Ordered that the appeal is dismissed.