OPINION OF THE COURT
Karen K. Peters, J.
By petition filed July 22, 1991, the Department of Social Services alleged that Clarence A., the former father of Diane A., violated an order of this court, dated December 16, 1988, which specifically provided that he was to have no contact of any kind with Diane A. without approval of this court until the year 2003. This order of protection came about as a result *946 of a finding by this court that Mr. A. committed a sexual offense against his daughter Diane A. Subsequently, Mr. A.’s parental rights to this child were terminated. Thereafter, Mr. A. was criminally prosecuted for sex offenses. As a result thereof, he was incarcerated in State prison and remained incarcerated at the time of the filing of the instant petition alleging a violation of this court’s order. The instant petition before this court alleged that Mr. A. willfully failed to obey the order of this court in that he communicated with Diane A. by sending numerous letters to the child, dated April 8, 1991, April 25, 1991, July 18, 1991, June 21, 1991, June 26, 1991, July 1, 1991, and July 7, 1991. On August 7, 1991, the respondent was produced in this court for the purpose of responding to the allegations in the instant petition alleging a violation of this court’s order. While represented by counsel, the respondent entered an admission to the allegations.
At a dispositional hearing held on September 5, 1991, this court determined, as a matter of law, that the respondent intentionally and willfully violated the order of this court. This court found that his explanation for his behavior was merely continuing evidence of his lack of responsible behavior toward this child. This court, having found as a matter of law, that Mr. A.’s conduct was willfully in violation of the order, and finding that his conduct caused great emotional distress to the child, determined that the respondent should be committed to the Ulster County Jail for a period of six months pursuant to the provisions of section 1072 of the Family Court Act.
Counsel for respondent argued that since he is presently incarcerated in State prison, the six-month sentence should be served concurrently with his State prison sentence. Counsel for the Department of Social Services contended that since this court is authorized to incarcerate an individual in jail for violation of a court order and has no authority to incarcerate anyone in State prison, that the respondent’s sentence should be served in jail subsequent to his prison sentence.
This court requested that all counsel file memoranda of law addressing this issue. No memoranda were ever received by this court. The issue of whether this court can order that Mr. A. serve his sentence of six months in State prison to run concurrently with his present criminal sentence is a case of first impression. This court finds, as a matter of law, that it has absolutely no authority to incarcerate any individual in State prison. Rather, the court’s powers of incarceration are *947 specifically provided for by statute and the court must confine itself to the authority provided to it pursuant to article 10 of the Family Court Act. Section 1072 (b) specifically provides that the court may commit the person "to jail for a term not to exceed six months.” Therefore, this court finds its authority limited to incarceration of the respondent in the county jail.
An order of commitment shall enter to the effect that upon completion of Mr. A.’s State prison sentence, the respondent shall be immediately transported to the Ulster County Jail to commence this term of commitment for six months as levied by this court.
This court notes parenthetically that if it were within this court’s discretion to determine whether such six-month sentence could be served concurrently with the respondent’s State prison sentence, this court would nonetheless specifically provide that a concurrent sentence would not be permitted in this case. This court notes that Mr. A.’s flagrant disregard of the directives of this court is not only offensive to this court, but also offensive to the child and to the sensibilities of the community. Mr. A.’s sentence of six months is particularly intended to impress upon him the seriousness of his conduct and to attempt, as best the court can, to implement the underpinnings of article 10 of the Family Court Act which are designed not to " 'punish offenders for [their] acts against their victims, but to protect their victims from further harm.’ ” (Matter of Michael G., 129 Misc 2d 186, 191, quoting Matter of Maureen G., 103 Misc 2d 109.)