■ JOHN P. REINER et al., Appellants, v TOWNLEY & UPDIKE et al., Respondents. [663 NYS2d 168] —Order, Supreme Court, New York County (Carol Huff, J.), entered July 30, 1996, which denied plaintiffs' motion for partial summary judgment declaring a clause in defendant partnership's by-laws to be anticompetitive and awarded plaintiff Reiner the amount of his capital account, unanimously affirmed, without costs.

The clause in issue is not anticompetitive in providing that a withdrawing partner is entitled to 10% of the amount that would be due a deceased or retiring partner, since it does so without reference to whether or not the withdrawing partner does work for partnership's former clients or otherwise competes with the partnership (*see, Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 156; *Levy v Baumeister*, 170 AD2d 385). The IAS Court properly exercised its discretion in denying immediate payment to plaintiff Reiner of his capital account balance in view of the substantial counterclaims and setoffs interposed by defendant based upon Reiner's alleged breach of fiduciary duties owed to the partnership before his withdrawal. Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.