■ In the Matter of CINDY R. PALMER, Also Known as CINDY R. MARSH, Appellant, v WILLIAM N. PALMER, Respondent. [725

NYS2d 581] —Lahtinen, J. Appeal from a decision of the Family Court of Essex County (Halloran, J.), dated June 30, 2000, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

The parties are the parents of a son born in 1994. In October 1999, after a hearing, Family Court (Lawliss, J.) entered an order modifying an existing custody order by granting the parties joint legal custody of the child, granting petitioner primary physical custody and setting forth possessory custodial periods for respondent. In January 2000, respondent filed a petition alleging that petitioner had violated this order by not timely bringing the child for his visitation periods and frustrating his attempts to have "reasonable, peaceful and private" telephone contact in accordance with the language of the order. Petitioner responded with an answer and "counter petition," seeking sole custody of the child and supervised visitation for respondent.

Family Court held a hearing on both petitions. At the end of the first day of the hearing, respondent withdrew his violation petition, which was dismissed on consent of all parties. At the close of the proof, Family Court dismissed petitioner's application, determining that she had not demonstrated a change in circumstances warranting the modification she sought. Petitioner appeals from Family Court's denial of her petition.

On appeal, petitioner argues that Family Court erred in limiting her proof at the hearing to the period from the last hearing date of the prior custody modification proceeding and in determining that she had not demonstrated a sufficient change in circumstances to warrant modification of the October 1999 order.* Initially, our review of the record reveals that petitioner is appealing from the oral decision of Family Court contained in the hearing transcript, which has not been reduced to an order and entered in that court. Since no appeal may lie from a decision, which is not an appealable paper (*see*, CPLR 5512 [a]), petitioner's appeal is not properly before us and must be dismissed (*see*, *O'Fennell Corp. v O'Fennell's of Pine Hill*, 188 AD2d 981, 982; *Levy v Baumeister*, 170 AD2d 385; *People ex rel. Frazier v Fogg*, 122 AD2d 377; *Matter of Shawn C. A.*, 110 AD2d 697, 698, *lv denied* 65 NY2d 605).

Were we to address the issues raised in the brief filed by petitioner, we note that Family Court appropriately limited the hearing proof to events occurring after the conclusion of the

---

* Petitioner also claims that respondent and his paramour perjured themselves, which we will not separately address.

last hearing on this issue (*see, Matter of Risman v Linke*, 235 AD2d 861). *Matter of Bodrato v Biggs* (274 AD2d 694), cited by petitioner in support of her argument, is distinguishable as the prior order in that case was entered upon the default of one of the parties and "without prejudice," thereby not constraining the proof in a subsequent proceeding (*see, id.*, at 695). Furthermore, modification of orders of visitation (and custody) requires a demonstration of a change in circumstances (*see, Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 675; *Dwyer v De La Torre*, 260 AD2d 773; *Matter of Reese v Jones*, 249 AD2d 676, 677). Finally, a sound and substantial basis for Family Court's determination that petitioner failed to demonstrate a sufficient change in circumstances requiring a modification of the prior order to protect the best interest of the child (*see, Matter of Millard v Clapper*, 254 AD2d 640, 641; *Matter of Reese v Jones, supra*, at 677) is set forth in the record.

Crew III, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, without costs.