■ In the Matter of ALEXIS BB. et al., Children Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KRISTLE BB., Appellant. [727 NYS2d 662] —Rose, J. Appeals (1) from an order of the Family Court of Cortland County (Avery, Jr., J.), entered May 1, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected, and (2) from an order of said court, entered August 18, 1998, which denied respondent's motion to vacate a default order entered against her.

At the conclusion of a fact-finding hearing, Family Court found that respondent's children were neglected. Following a dispositional hearing at which respondent failed to appear, Family Court issued an order of disposition on default directing, *inter alia*, supervision for 12 months. Thereafter, respondent moved to be relieved of her default and reopen the dispositional hearing. Family Court denied respondent's motion.

Respondent's sole contention on appeal challenges Family Court's dispositional order, dated April 27, 1998, adjudicating her children to be neglected. Although respondent's notice of appeal includes this earlier order as one of the orders from which she is appealing, her notice of appeal clearly is untimely as to that order. As relevant here, Family Court Act § 1113 provides that an appeal must be taken no later than 35 days after mailing of the order to the appellant by the clerk of the court. The record here demonstrates that the dispositional order was mailed to respondent on May 1, 1998. As a result, respondent's notice of appeal, dated September 8, 1998, was filed well after the prescribed 35-day period. Thus, to the extent that she challenges the dispositional order, respondent's appeal must be dismissed (*see, Sullivan v Sullivan*, 254 AD2d 573).

Since respondent's brief wholly fails to address Family Court's order denying her motion to vacate her default in appearing at the dispositional hearing, we deem any issues regarding that order waived (*see, Gibeault v Home Ins. Co.*, 221 AD2d 826).

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the appeal from the order entered May 1, 1998 is dismissed, without costs. Ordered that the order entered August 18, 1998 is affirmed, without costs.