Lahtinen, J.
Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered June 11, 2013, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of one child (born in 2010). A February 2012 order awarded joint custody to the parties with the mother having primary physical custody. In June 2012, the father, who was at that time deployed by the United States Army to Afghanistan, reportedly learned that the mother, who had recently married, planned to relocate with her spouse and the child to Georgia. He petitioned via order to show cause *1001 to prevent the move, and Family Court temporarily ordered the mother not to move the child permanently out of New York. The mother then petitioned for permission to relocate the child to Georgia.
In February 2013, after the father’s deployment had ended, a fact-finding hearing commenced on the two petitions (as well as on petitions by the child’s two grandmothers, which are not relevant to this appeal). At a continued hearing date in April 2013, the parties put on the record the terms of an agreement that they had reached resolving the issues in their petitions. The ensuing order, among other things, set forth joint legal and physical custody, established parenting time on alternate weekends for the father and included, as relevant to this appeal, a provision that the residence of the child not be relocated out of state by either party absent written consent of the other party or a court order. Contending that the relocation provision was not part of the parties’ agreement, the mother appeals.
“Because the subject order was entered with the mother’s consent and she failed to make a timely application in Family Court to vacate such order, she is not aggrieved thereby and her appeal is, therefore, not properly before us” (Matter of Jacob EE. [Autumn HH.], 118 AD3d 1179, 1179 [2014] [citation omitted]). We further note that, “[s]hould [the mother] desire to relocate, her burden of proof would be the same with or without the aforementioned provision” and, thus, even if “the insertion of the ‘relocation prohibition’ in Family Court’s order [was] superfluous, ... it did no more than accurately reflect the law of this [s]tate governing relocation cases” (Matter of Massaro v English, 262 AD2d 879, 881 [1999]).
Peters, RJ., Garry, Rose and Egan Jr., JJ., concur.
Ordered that the appeal is dismissed, without costs.