■ In the Matter of AMARA AA., a Neglected Child. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ASHLEY AA., Appellant. [58 NYS3d 706]—

Aarons, J. Appeal from an order of the Family Court of Franklin County (Main Jr., J.), entered March 25, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of a prior order and imposed a sentence of incarceration.

Respondent is the mother of a daughter (born in 2015). In April 2015, petitioner commenced this Family Ct Act article 10 proceeding alleging that respondent neglected the child. Family Court subsequently issued a temporary order of protection requiring respondent to, among other things, submit to random drug screening and refrain from consuming controlled substances unless prescribed. After respondent tested positive for a controlled substance, petitioner filed a petition alleging that respondent violated the temporary order of protection. In October 2015, respondent entered into a plea where she admitted to violating the temporary order of protection in exchange for a 60-day jail sentence. Family Court sentenced respondent as agreed but delayed her obligation to report to Franklin County Jail pending a compliance conference scheduled for January 2016.[1]

At the January 2016 compliance conference, petitioner requested that respondent's sentence be delayed. Respondent's counsel, as well as all other parties, joined in this request. Accordingly, in an order entered March 2016, Family Court delayed respondent's obligation to report to jail to June 2016 and scheduled another compliance conference. At the June

---

1. Family Court's order embodying the imposed sentence was not entered until January 2016.

2016 compliance conference, Family Court orally directed respondent to report to jail and declined to further delay her obligation to do so. Respondent appeals from the March 2016 order.[2]

As an initial matter, petitioner and the attorney for the child contend that respondent's appeal is untimely. While respondent filed her notice of appeal on June 13, 2016, the record does not contain any proof as to how or when the March 2016 order was served upon respondent. In the absence of such proof, we decline to dismiss the appeal as untimely (*compare Matter of Alexis BB.*, 285 AD2d 751, 752 [2001]).

In any event, the appeal from the March 2016 order must be dismissed inasmuch as respondent is not aggrieved by it. In the March 2016 order, Family Court delayed respondent's obligation to report to jail upon the request of respondent, among others. Because respondent received her requested relief, she is not aggrieved (*see Matter of Barnes v Abrams*, 124 AD3d 1000, 1001 [2015]; *Matter of Jennie EE.*, 210 AD2d 744, 745 [1994]). To the extent that respondent raises issues with what transpired at the June 2016 compliance conference, inasmuch as no appealable order exists relative to such conference[3] and respondent appealed only from the March 2016 order, we are constrained to conclude that any such issues are not properly before this Court (*see Matter of Palmer v Palmer*, 284 AD2d 612, 613 [2001]; *see generally Matter of Isaiah M. [Nicole M.]*, 144 AD3d 1450, 1452 [2016], *lv dismissed* 28 NY3d 1129 [2017]).

Peters, P.J., and Garry, J., concur.

Lynch, J. (concurring). We agree with the majority decision, but write to comment further as to the troubling nature of the delayed sentencing format. Significantly, the commitment order entered January 21, 2016 is open-ended, with no time limitation—a directive contrary to the statutory dispositions actually authorized in a Family Ct Act article 10 proceeding. More particularly, an order of protection may not extend beyond the order of disposition to which it relates (*see* Family Ct

---

**2.** This Court stayed respondent's obligation to report pending this appeal. The documentation submitted as part of respondent's stay application indicated that Family Court refused to sign a written order embodying its June 2016 oral decision directing respondent to report to jail.

**3.** We are troubled by Family Court's refusal to sign a written order reflecting its June 2016 oral decision. Nevertheless, respondent's recourse lies in a CPLR article 78 proceeding (*see e.g. Matter of Goldstick v Lambert*, 161 AD2d 503, 504 [1990]; *Matter of Giampa v Leahy*, 149 AD2d 595, 595-596 [1989]).

Act §§ 1052 [a] [iv]; 1056 [1]; 1058), an adjournment in contemplation of dismissal may not exceed a period of one year (*see* Family Ct Act § 1039 [b]), and an initial order of supervision may not exceed one year (*see* Family Ct Act § 1057). While we recognize that the delayed sentencing order was issued on consent, and was not appealed, in our view this format should not be utilized going forward.

Clark, J., concurs. Ordered that the appeal is dismissed, without costs.